Judge Berman

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
────────────────────────────────

## 08 CV-x 02375

JOSE PEREZ AND ROSA PEREZ,

                    Plaintiffs,                          Index No.:

        -against-                               **NOTICE OF REMOVAL**

GAETANO AMORE, FREEDOM RENTAL, FREEDOM
RENT A CAR, ROSEDALE DODGE, INC. and
BERGEN RENT A CAR, LLC,

                    Defendants.
────────────────────────────────X



## TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

        The Petitioners, GAETANO AMORE, FREEDOM RENTAL, FREEDOM RENT A

CAR, ROSEDALE DODGE, INC. and BERGEN RENT A CAR, LLC, defendants in the

above-captioned action, by their attorneys, WHITE FLEISCHNER & FINO LLP,

respectfully shows the Court:

        1.      This petitioners are defendants in the instant action.

        2.      The action was commenced by service of a Summons and Verified Complaint

in the Supreme Court, State of New York, County of Bronx on or about October 9, 2007. *(A*

*copy of said Summons and Verified Complaint is attached hereto as "Exhibit A")*

        3.      Concurrent with its Answer, the petitioner served a Demand for Relief on or

about June 2, 2007. Plaintiff served its Response to Demand for Relief on or about February

12, 2008. Which was received by the undersigned on February 18, 2008*(Copies of said*

*Demand for Relief and Response to Demand for Relief are attached hereto as "Exhibit B")*

4.    The plaintiff in the above-captioned action allegedly personal injuries as a result of an accident involving a forklift and occurring on or about December 27, 2004 on White Plains road at or near its intersection with Pelham Parkway, Bronx County, New York.

5.    This Court has original jurisdiction of this civil action pursuant to 28 U.S.C. 1332 because there is complete diversity in the matter and the amount exceeds the sum of $75,000.00 exclusive of interest and costs.

6.    The defendant ANDRE GAETANO resides at 43 Industrial Avenue, Fairview, New Jersey 07022.

7.    The defendant FREEDOM RENTAL d/b/a FREEDOM RENT A CAR is a New Jersey corporation with its principal place of business in the State of New Jersey.

8.    Upon information and belief, plaintiffs JOSE PEREZ and ROSA PEREZ are and were at the time of the commencement of this action, citizens of the State of New York.

9.    Upon information and belief, defendant ROSEDALE DODGE, INC., is a Minnesota corporation with its principal place of business in the State of Minnesota.

10. Upon information and belief defendant BERGEN RENT A CAR, LLC., is a New Jersey corporation with its principal place of business in the state of New Jersey.

11. The underlying controversy and every genuine issue of law and fact herein is wholly between a citizen of the State of New York and citizens of a state or territory other than New York.

WHEREFORE, petitioner prays that the instant action now pending before the Supreme Court in the State of New York, County of Bronx, be removed there from to the

United States District Court of the Southern District of New York, and for such other and

further relief as is just and proper.

Dated: New York, New York
       March 4, 2008

                                        Yours, etc.,

                                        WHITE FLEISCHNER & FINO, LLP

                                        By: _____
                                              Daniel M. Stewart (DMS 7989)
                                        Attorneys for Defendants
                                        61 Broadway, 18th Floor
                                        New York, New York 10006
                                        (212) 487-9700
                                        Our File No.: 117-13119-D-DMS/ODR

TO:     (See Attached Affidavit)

STATE OF NEW YORK  )
COUNTY OF NEW YORK ) ss:

*Arleen Rosa*, being duly sworn, deposes and says:

That I am not a party to the within action, am over 18 years of age and reside in Brooklyn, New York.

That on March 10, 2008, deponent served the within **NOTICE OF REMOVAL, RULE 7.1 STATEMENT and CIVIL COVER SHEET** upon the attorneys and parties listed below by United States prepaid mail by placing same in a mailbox in the State of New York:


TO:

Steven G. Davis, Esq.
JACOBY & MEYERS, LLP
c/o Processing Center
436 Robinson Avenue
Newburgh, New York 12350
(800) 890-3090


*Arleen Rosa*

Sworn to before me this
10th day of March, 2008


Notary Public


LAUREN RICCIO MELTZER
NOTARY PUBLIC, State of New York
No. 01RI5082855
Qualified in King County
Commission Expires July 28, 2009

P.05

DATE OF FILING: 10/9/07

INDEX #: 301602/07

Plaintiff designates
Bronx County
as the place of trial.

The basis of venue is:
Plaintiff(s) residence.

Plaintiff resides at:
2386 Walton Avenue
Bronx, New York
County of Bronx.

SUPREME COURT STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------X

JOSE PEREZ and ROSA PEREZ,

                                  Plaintiff(s),

        -against-                                    SUMMONS

GAETANO AMORE, FREEDOM RENTAL, FREEDOM RENT A CAR,
ROSEDALE DODGE, INC. and BERGEN RENT A CAR, L.L.C.,

                                      Defendant(s).
-------------------------------------------------------------------X

To the above named defendant(s):

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within –20– days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

                            JACOBY & MEYERS, LLP
                            Attorneys for Plaintiff(s)
                            c/o PROCESSING CENTER
                            436 Robinson Avenue
                            Newburgh, New York 12550
                            1-800-890-3000

                            STEVEN G. DAVIS, ESQ.

Dated: October 1 , 2007.

DEFENDANT'S ADDRESS:
SEE VERIFIED COMPLAINT

File #73028-02/db

STATE OF NEW YORK
SUPREME COURT : COUNTY OF BRONX
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
JOSE PEREZ and ROSA PEREZ,

                                      Plaintiff,

          -against-                              NOTICE
                                      INDEX NO.: 301602/07

GAETANO AMORE, FREEDOM RENTAL, FREEDOM
RENT A CAR, ROSEDALE DODGE, INC. and
BERGEN RENT A CAR, L.L.C.,

                                      Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

SIR:

     PLEASE TAKE NOTICE that pursuant to the provisions of
Sections 253 and 254 of the Vehicle and Traffic Law of the
State of New York, a copy of the Summons and Verified
Complaint in the above-entitled action was served upon the
above-named defendant, ROSEDALE DODGE, INC., by mailing on
October 17, 2007, one copy of such Summons and Verified
Complaint to said Secretary of State of New York,
addressed to his office in the City of Albany, State of
New York, with a fee of TEN ($10.00) DOLLARS.

AND TAKE FURTHER NOTICE that we are sending you
herewith by Certified Mail, Return Receipt Requested, copy
of the Summons and Verified Complaint in this Action.

DATED: October 16, 2007.

                              JACOBY & MEYERS, LLP
                              Attorneys for Plaintiffs
                              Office & P.O. Address
                              C/O Processing Center
                              436 Robinson Avenue
                              Newburgh, New York 12550

                              BY: _____
                                    STEVEN G. DAVIS, ESQ.

TO: ROSEDALE DODGE, INC.
    Defendant
    2755 Long Lake Road
    Roseville, Minnesota 55113
    Cert. # 7006 3450 0002 1287 3510

File #73028-02-1/db

STATE OF NEW YORK
SUPREME COURT : COUNTY OF BRONX
------------------------------------------x
JOSE PEREZ and ROSA PEREZ,

                        Plaintiffs,

        -against-                               VERIFIED COMPLAINT

GAETANO AMORE, FREEDOM RENTAL,
FREEDOM RENT A CAR, ROSEDALE DODGE,
INC. and BERGEN RENT A CAR, L.L.C.,

                        Defendants.
------------------------------------------x

        Plaintiffs, by attorneys, JACOBY & MEYERS, LLP as and for the

Verified Complaint, herein allege the following:

                AS AND FOR A FIRST CAUSE OF ACTION ON
                BEHALF OF PLAINTIFF, JOSE PEREZ

        1.  That at all times hereinafter mentioned, the plaintiffs were

and still are residents of the County of Bronx, State of New York.

        2.  That at all times hereinafter mentioned, upon information and

belief, the defendant, GAETANO AMORE, was and still is a resident of

the County of Bergen, State of New Jersey.

        3.  That at all times hereinafter mentioned, upon information and

belief, the defendant, ROSEDALE DODGE, INC., was and still is a

domestic corporation organized and existing under and by virtue of

the Laws of the State of New York.

    4. That at all times hereinafter mentioned, upon information and belief, the defendant, ROSEDALE DODGE, INC., was and still is a foreign corporation duly incorporated within the State of Minnesota.

    5. That at all times hereinafter mentioned, upon information and belief, the defendant, ROSEDALE DODGE, INC., was and still is a foreign corporation authorized to do business in the State of New York.

    6. That at all times hereinafter mentioned, upon information and belief, the defendant, ROSEDALE DODGE, INC., was and still is a business entity doing business within the State of New York.

    7. That at all times hereinafter mentioned, upon information and belief, the defendant, BERGEN RENT A CAR, L.L.C., was and still is a domestic limited liability company organized and existing under and by virtue of the Laws of the State of New York.

    8. That at all times hereinafter mentioned, upon information and belief, the defendant, BERGEN RENT A CAR, L.L.C., was and still is a foreign limited liability company duly incorporated within the State of Minnesota.

    9. That at all times hereinafter mentioned, upon information and belief, the defendant, BERGEN RENT A CAR, L.L.C., was and still is a foreign limited liability company authorized to do business in the State of New York.

- 2 -

10. That at all times hereinafter mentioned, upon information and belief, the defendant, BERGEN RENT A CAR, L.L.C., was and still is a business entity doing business within the State of New York.

11. That at all times hereinafter mentioned, upon information and belief, the defendant, FREEDOM RENTAL, was and still is a domestic corporation organized and existing under and by virtue of the Laws of the State of New York.

12. That at all times hereinafter mentioned, upon information and belief, the defendant, FREEDOM RENTAL, was and still is a foreign corporation duly incorporated within the State of New Jersey.

13. That at all times hereinafter mentioned, upon information and belief, the defendant, FREEDOM RENTAL, was and still is a foreign corporation authorized to do business in the State of New York.

14. That at all times hereinafter mentioned, upon information and belief, the defendant, FREEDOM RENTAL, was and still is a business entity doing business within the State of New York.

15. That at all times hereinafter mentioned, upon information and belief, the defendant, FREEDOM RENT A CAR, was and still is a domestic corporation organized and existing under and by virtue of the Laws of the State of New York.

16. That at all times hereinafter mentioned, upon information and belief, the defendant, FREEDOM RENT A CAR, was and still is a foreign corporation duly incorporated within the State of New Jersey.

17. That at all times hereinafter mentioned, upon information and belief, the defendant, FREEDOM RENT A CAR, was and still is a foreign corporation authorized to do business in the State of New York.

18. That at all times hereinafter mentioned, upon information and belief, the defendant, FREEDOM RENT A CAR, was and still is a business entity doing business within the State of New York.

19. That at all times hereinafter mentioned, upon information and belief, the defendant, FREEDOM RENTAL, was the titled owner of a 2005 Chevrolet motor vehicle, bearing License Plate #RYY68B, for the State of New Jersey.

20. That at all times hereinafter mentioned, upon information and belief, the defendant, FREEDOM RENTAL, was the registered owner of a 2005 Chevrolet motor vehicle, bearing License Plate #RYY68B, for the State of New Jersey.

21. That at all times hereinafter mentioned, upon information and belief, the defendant, FREEDOM RENTAL, was the lassee of a 2005 Chevrolet motor vehicle, bearing License Plate #RYY68B, for the State of New Jersey.

22. That at all times hereinafter mentioned, upon information and belief, the defendant, FREEDOM RENTAL, was the lessor of a 2005 Chevrolet motor vehicle, bearing License Plate #RYY68B, for the State of New Jersey.

ZURICH - Albany
OCT 2 6 2007

- 4 -

23. That at all times hereinafter mentioned, upon information and belief, the defendant, FREEDOM RENT A CAR, was the titled owner of a 2005 Chevrolet motor vehicle, bearing License Plate #RYY68B, for the State of New Jersey.

24. That at all times hereinafter mentioned, upon information and belief, the defendant, FREEDOM RENT A CAR, was the registered owner of a 2005 Chevrolet motor vehicle, bearing License Plate #RYY68B, for the State of New Jersey.

25. That at all times hereinafter mentioned, upon information and belief, the defendant, FREEDOM RENT A CAR, was the lessee of a 2005 Chevrolet motor vehicle, bearing License Plate #RYY68B, for the State of New Jersey.

26. That at all times hereinafter mentioned, upon information and belief, the defendant, FREEDOM RENT A CAR, was the lessor of a 2005 Chevrolet motor vehicle, bearing License Plate #RYY68B, for the State of New Jersey.

27. That at all times hereinafter mentioned, upon information and belief, the defendant, ROSEDALE DODGE, INC., was the titled owner of a 2005 Chevrolet motor vehicle, bearing License Plate #RYY68B, for the State of New Jersey.

28. That at all times hereinafter mentioned, upon information and belief, the defendant, ROSEDALE DODGE, INC., was the registered owner of a 2005 Chevrolet motor vehicle, bearing License Plate #RYY68B, for

- 5 -

the State of New Jersey.

29. That at all times hereinafter mentioned, upon information and belief, the defendant, ROSEDALE DODGE, INC., was the lessee of a 2005 Chevrolet motor vehicle, bearing License Plate #RYY68B, for the State of New Jersey.

30. That at all times hereinafter mentioned, upon information and belief, the defendant, ROSEDALE DODGE, INC., was the lessor of a 2005 Chevrolet motor vehicle, bearing License Plate #RYY68B, for the State of New Jersey.

31. That at all times hereinafter mentioned, upon information and belief, the defendant, BERGEN RENT A CAR, L.L.C., was the titled owner of a 2005 Chevrolet motor vehicle, bearing License Plate #RYY68B, for the State of New Jersey.

32. That at all times hereinafter mentioned, upon information and belief, the defendant, BERGEN RENT A CAR, L.L.C., was the registered owner of a 2005 Chevrolet motor vehicle, bearing License Plate #RYY68B, for the State of New Jersey.

33. That at all times hereinafter mentioned, upon information and belief, the defendant, BERGEN RENT A CAR, L.L.C., was the lessee of a 2005 Chevrolet motor vehicle, bearing License Plate #RYY68B, for the State of New Jersey.

ZURICH - Albany

OCT 2 6 2007

- 6 -

34. That at all times hereinafter mentioned, upon information and belief, the defendant, BERGEN RENT A CAR, L.L.C., was the lessor of a 2005 Chevrolet motor vehicle, bearing License Plate #RYY68B, for the State of New Jersey.

35. That at all times hereinafter mentioned, upon information and belief, the defendant, GAETANO AMORE, was the operator of the aforesaid motor vehicle, bearing License Plate #RYY68B, for the State of New Jersey.

36. That at all times hereinafter mentioned, upon information and belief, the defendant, GAETANO AMORE, operated the aforesaid motor vehicle with the express and/or implied permission, consent and knowledge of the defendant owner, FREEDOM RENTAL.

37. That at all times hereinafter mentioned, upon information and belief, the defendant, GAETANO AMORE, operated the aforesaid motor vehicle with the express and/or implied permission, consent and knowledge of the defendant owner, FREEDOM RENT A CAR.

38. That at all times hereinafter mentioned, upon information and belief, the defendant, GAETANO AMORE, operated the aforesaid motor vehicle with the express and/or implied permission, consent and knowledge of the defendant owner, ROSEDALE DODGE, INC.

39. That at all times hereinafter mentioned, upon information and belief, the defendant, GAETANO AMORE, operated the aforesaid motor vehicle with the express and/or implied permission, consent and

- 7 -

knowledge of the defendant owner, BERGEN RENT A CAR, L.L.C.

40. That at all times hereinafter mentioned, the plaintiff, JOSE PEREZ, was the operator of a 1998 Dodge motor vehicle, bearing License Plate #14022LA, for the State of New York, owned by one, Nice & Friendly Transport.

41. That on or about the 27th day of December, 2004, the plaintiff, JOSE PEREZ, operated the aforesaid motor vehicle while within the scope of his employment with on, Travel Well Transportation.

42. That at all times hereinafter mentioned, White Plains Road at intersection with Pelham Parkway, located in the Borough of Bronx, County of Bronx, State of New York, was and still is a public highway and thoroughfare and was the situs of the accident herein.

43. That on or about the 27th day of December, 2004, the aforementioned motor vehicles were in contact with each other.

44. The accident and resulting injuries were caused by the negligent, wanton, reckless and careless acts of the defendants herein.

45. That the defendants, and each of them, were negligent, wanton, reckless and careless in allowing, causing, and/or permitting their motor vehicle to come into contact with the plaintiff's motor vehicle; in failing to properly keep, control and maintain the motor vehicle so as to prevent the accident herein; in failing to keep the

ZURICH - Albany

OCT 26 2007

- 8 -

motor vehicle under proper control; in failing to operate the motor
vehicle in a manner and at a speed that was reasonable and proper
under the prevailing traffic conditions; in failing to properly
operate the braking and acceleration devices of the motor vehicle
under the circumstances of the roadway where the accident occurred;
in failing to keep a proper lookout; in failing to stop and/or slow
down; in acting with reckless disregard for the safety of others; in
failing to keep alert and attentive; in failing to properly apply
brakes; in failing to sound horn; in failing to yield the right of
way; in failing to obey traffic signs, signals and/or lights; and the
defendants were in other ways negligent, wanton, reckless, and
careless.

46. The limited liability provisions of C.P.L.R. 1601 do not
apply pursuant to C.P.L.R. 1602(6) on the grounds that the defendants
liability is based upon their use, operation and ownership of a motor
vehicle or motorcycle and C.P.L.R. 1602(7) on the grounds that
defendants acted with reckless disregard for the safety of others
including the plaintiff herein.

47. That by reason of the foregoing, this plaintiff was caused to
sustain severe and serious personal injuries to his mind and body,
some of which, upon information and belief, are permanent with
permanent effects of pain, disability, disfigurement and loss of body
function. Further, this plaintiff was caused to expend and become

obligated for diverse sums of money as a result of this accident; and this plaintiff further was caused to lose substantial periods of time from his normal vocation and activities, and upon information and belief, may continue in that way into the future and suffer similar losses.

48. That this plaintiff sustained a serious injury, as defined in Subdivision (d) of Section 5102 of the Insurance Law of the State of New York and economic loss greater than basic economic loss, as defined in Subdivision (a) of Section 5102 of the Insurance Law of the State of New York.

49. That by reason of the foregoing, this plaintiff was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would have jurisdiction of this matter.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF, ROSA PEREZ

50. This plaintiff repeats, reiterates, and realleges each and every allegation contained in the paragraphs numbered '1' through '48' of the First Cause of Action, with the same force and effect as if more fully set forth herein at length.

51. That as a result of the aforementioned, this plaintiff, the lawful wedded spouse of the plaintiff in the First Cause of Action, has and will suffer the loss and impairment of the spouse's services,

- 10 -

ROSEDALE DODGE, INC.
Defendant
2755 Long Lake Road
Roseville, Minnesota 55113


BERGEN RENT A CAR, L.L.C.
Defendant
1187 Teaneck Road
Teaneck, New Jersey  07666

- 12 -

COUNTY OF ~~~~~~

───────────────────────────────────────X

JOSE PEREZ AND ROSA PEREZ,

                Plaintiff,                  Index No.: 301602/07

          -against-                 **DEMAND FOR RELIEF**

GAETANO AMORE, FREEDOM RENTAL, FREEDOM
RENT A CAR, ROSEDALE DODGE, INC. and
BERGEN RENT A CAR, LLC,

                Defendants.

─────────────────────────────────────X

S I R S :

      PLEASE TAKE NOTICE that, pursuant to CPLR 3017(c) the defendants herein, GAETANO AMORE, FREEDOM RENTAL, d/b/a FREEDOM RENT A CAR, ROSEDALE DODGE, INC., AND BERGEN RENT A CAR, LLC, hereby requests that, within twenty (20) days hereof, the plaintiffs, JOSE PEREZ AND ROSA PEREZ, serve a supplemental demand for relief setting forth the total damages to which they deem themselves entitled.

Dated: New York, New York
       January 2, 2008

                    Yours, etc.,

                    WHITE FLEISCHNER & FINO, LLP

                    By:

                    DANIEL M. STEWART
                    Attorneys for Defendants
                    61 Broadway, 18th Floor
                    New York, New York 10006
                    (212) 487-9700
                    Our File No.: 117-13119-D-DMS/ODR

TO:    (See Attached Affidavit)

STATE OF NEW YORK
SUPREME COURT : COUNTY OF BRONX
----------------------------------------x
JOSE PEREZ and ROSA PEREZ,

                    Plaintiffs,

         ~~against~~                          RESPONSE TO DEMAND
                                                  FOR DAMAGES
                                              INDEX #: 301602/07

GAETANO AMORE, FREEDOM RENTAL,
FREEDOM RENT A CAR, ROSEDALE DODGE,
INC. and BERGEN RENT A CAR, L.L.C.,

                    Defendants.
----------------------------------------x

     The plaintiffs claim damages against defendants in the sum of

THREE MILLION ($3,000,000.00) DOLLARS on the First Cause of

Action; the sum of THREE HUNDRED THOUSAND ($300,000.00) DOLLARS

on the Second Cause of Action; together with costs and

disbursements of this action.


                         Yours, etc.,

                         JACOBY & MEYERS, LLP
                         Attorneys for Plaintiff(s)
                         Office & P.O. Address
                         c/o Processing Center
                         436 Robinson Avenue
                         Newburgh, New York 12550

                         BY: _____
                              ANDREW FINKELSTEIN, ESQ.


TO: WHITE, FLEISCHNER & FINO, LLP
    61 BRADWAY - 18TH FLOOR
    NEW YORK, NY 10006


*Please Send All Correspondence to the Address Indicated Above*