File No.: 73028-02/JWS/pat

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT
--------------------------------x    Justice Assigned:
JOSE PEREZ and ROSA PEREZ,            Hon. Richard M. Berman

                    Plaintiffs,

        -against-                     NOTICE OF MOTION

GAETANO AMORE, FREEDOM RENTAL,        Docket No.: 08CV02375
FREEDOM RENT A CAR, ROSEDALE DODGE,
INC. and BERGEN RENT A CAR, LLC,

                    Defendants.
--------------------------------x

**MOTION BY:**          FINKELSTEIN & PARTNERS
                        of Counsel to JACOBY & MEYERS
                        Attorneys for Plaintiff
                        436 Robinson Avenue
                        Newburgh, NY  12550
                        (800) 890-3090


**DATE, PLACE & TIME:**  - To be Determined by the Court
                        - US District Court, Southern District
                          of New York
                        - Daniel Patrick Moynihan United States
                          Courthouse
                          500 Pearl Street, Room 650
                          New York, New York 10007


**RELIEF REQUESTED:**   For an Order pursuant to CPLR §
                        306(b)enlarging the time for plaintiff
                        to service and for a further Order
                        pursuant to CPLR § 308(5) and Federal
                        Rule of Civil Procedure 4(e)(1) for
                        permission to serve defense counsel on
                        Amore's behalf, and for such other and
                        further relief as this Court deems just
                        and proper.

**SUPPORTING PAPERS:**      Affirmation and Memorandum of Law of
                            James W. Shuttleworth, III, Esq., dated
                            May 13, 2008, with Exhibits.

**ANSWERING PAPERS:**       Pursuant to Rule 6.1(b), opposition
                            papers, if any, are to be served within
                            ten (10) business days after service.
                            Reply papers should be served within
                            five (5) business days.


Dated:      May 13, 2008
            Newburgh, New York


                        Yours, etc.,

                        FINKELSTEIN & PARTNERS
                        of Counsel to JACOBY & MEYERS
                        Attorneys for Plaintiffs


                    By: _____
                        James W. Shuttleworth, III, Esq.
                        436 Robinson Avenue
                        Newburgh, New York 12550
                        (800) 890-3090


TO:   WHITE, FLEISCHNER & FINO, LLP
      Attorneys for Defendants Gaetano Amore, Freedom
      Rental, Freedom Rent A Car, Rosedale Dodge, Inc.
      and Bergen Rent A Car, LLC
      61 Broadway - 10th Floor
      New York, NY  10006
      (212) 487-9700

Our File No.: 73028-02/JWS/pat

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT
---------------------------------X
JOSE PEREZ and ROSA PEREZ,

                      Plaintiffs,        AFFIDAVIT

        -against-

GAETANO AMORE, FREEDOM RENTAL,       Docket No.: 08CV02375
FREEDOM RENT A CAR, ROSEDALE DODGE,
INC. and BERGEN RENT A CAR, LLC,

                    Defendants.
---------------------------------X

      JAMES W. SHUTTLEWORTH, III, an attorney duly licensed

to practice law in the State of New York and admitted to the

Southern District of New York, affirms the following under

penalties of perjury:

    1.    I am a partner with the firm of FINKELSTEIN &

PARTNERS, LLP, of counsel to the firm of JACOBY & MEYERS, LLP,

attorneys for the plaintiffs in the above-entitled action, and

in such capacity, I am fully familiar with the facts and

proceedings had herein through a file maintained by this office.

    2.    I submit this affirmation in support of plaintiff's

application for both a further extension of time in which to

serve defendant Gaetano Amore and for leave to serve defense

counsel on his behalf as plaintiff has not, despite diligent

efforts to the contrary, been able to locate Gaetano Amore much less effect service on him.  This motion is submitted under both CPLR §§ 306(b) and 308(5) as well as Federal Rule of Civil Procedure 4(e)(1).

3.    This is an action for personal injuries sustained by plaintiff Jose Perez as a result of a December 24, 2004 motor vehicle accident.  Plaintiff was operating a van traveling eastbound on Pelham Parkway in the Bronx when a vehicle operated by defendant Amore and owned by defendants Freedom Rental, Freedom Rent A Car, Rosedale Dodge and Bergen Rent A Car, LLC ran a red light and collided with him.

4.    The action was commenced in State Court by filing a Summons and Verified Complaint on or about October 9, 2007. Issue was joined by service of defendants Verified Answer. Copies of the pleadings, Bill of Particulars and police report are annexed as Exhibits "A", "B", "C", and "D" respectively.

5.    Thereafter, defendants removed this matter to this Court via a March 10, 2008 notice to this effect (Exhibit "E").

6.    Prior to removal, however, plaintiff was well aware of the difficulty in locating defendant Amore as he appeared to have disappeared.  A motion was made in State Court for both an extension of time in which to serve him and for leave to serve defense counsel on his behalf as is permitted in CPLR 308(5).

As the State Court was apparently unaware of removal, a decision granting this precise relief was issued on April 3, 2008.  A copy of same is annexed as Exhibit "F".  The Order not only extended time in which to serve plaintiff, but granted leave to serve defense counsel as well.

7.    In accordance with this part's individual rules, a pre-motion conference was conducted on April 29, 2008, wherein this Court granted leave to make this motion, directing further that it be submitted on or before May 13, 2008.  Such was done notwithstanding defendant's April 28, 2008 letter opposing same on the grounds that defendant simply rented a car to Mr. Amore and is thus "in no better position to locate him" than plaintiff's counsel.  As noted in the accompanying memorandum of law, such is not dispositive.  A copy of the April 18, 2008 letter is annexed hereto as Exhibit "G".

8.    Annexed as Exhibit "H" are copies of various attempts of locating defendant Amore and serving him.  Included is a September 26, 2007 postal search indicating that defendant Amore was not known at the address listed by him on the police report and his license.  Various internet searches are also included noting that defendant was not found in the city of Fairview, New Jersey where he indicated he was domiciled in the police report or in New Jersey as a whole.  A February 1, 2008 attempt at

3

personal service is also annexed, with the process server noting that none of the individuals or businesses in the area knew of defendant or otherwise familiar with him.

9.    Lastly, annexed as Exhibit "I" is a multi-page report from a private investigator hired by plaintiff to locate this defendant.  Despite exhaustive efforts including canvassing, interviews and research, all at a cost of &750.00, defendant could not be found.  As an aside, the investigator notes the conclusion by the local police that some sort of illegal activity was going on at the address provided by defendant in the police report.  It is thus quite obvious plaintiff has exhausted all reasonable efforts.

10.    The bottom line is that plaintiff has made substantial efforts to locate and serve defendant, who as far as the public is concerned is holding himself to be living at an address no longer valid.  For the reasons set forth in the annexed Memorandum of Law plaintiff is entitled to an Order both extending the time in which to effect service pursuant to CPLR § 306(b) and leave to serve defense counsel pursuant to CPLR § 308(5) and Federal Rule 4(e)(1).

WHEREFORE, plaintiff respectfully requests an extension of time in which to serve defendant Gaetano Amore and for leave to serve defense counsel on his behalf, together with

4

such other and further relief as to the Court may seem just and proper.


DATED:    May 13, 2008
          Newburgh, New York


_____
JAMES W. SHUTTLEWORTH, III, ESQ.
Of Counsel

Sworn to before me this
13th day of May, 2008

_____
Notary Public

MARY A. DUXBURY
Notary Public, State of New York
Qualified in Dutchess County
Registration #01DU5038796
Commission Expires February 6, _____

Our File No.: 73028-02/JWS/pat

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
JOSE PEREZ and ROSA PEREZ,

                             Plaintiffs,

      -against-

GAETANO AMORE, FREEDOM RENTAL,          Docket No.: 08CV02375
FREEDOM RENT A CAR, ROSEDALE DODGE,
INC. and BERGEN RENT A CAR, LLC,

                        Defendants.
----------------------------------X

### PLAINTIFFS' MEMORANDUM OF LAW

       Plaintiffs submit this Memorandum of Law in support of their application for both an extension of time in which to serve defendant Gaetano Amore pursuant to CPLR § 306(b) and for leave to serve defense counsel on his behalf pursuant to CPLR § 308(5) and Federal Rule of Civil Procedure 4(e)(1). As is more fully set forth in the annexed Affidavit, plaintiff has made substantial efforts to locate and serve defendant Amore, but has thus far been unsuccessful. At best, Amore has failed to keep the appropriate motor vehicle and other authorities advised of his current address. At worst, he is deliberately evading service. Insofar as counsel is unwilling to accept service on his behalf, plaintiff has no choice but to seek leave of this

Court to so serve defendant.  The only reason plaintiff is seeking leave to serve defendant via counsel, and not his insurance carrier as is normally the case, is that defendants are apparently self insured.  Thus, serving defendant via defense counsel is analogous to well settled law allowing an aggrieved party to serve a party's insurance company when the party cannot be found.  Plaintiff's extensive efforts to locate defendant are set forth in the annexed affidavit.

In Esposito v. Ruggeiro, 193 A.D.2d 713, 598 N.Y.S.2d 66 (2nd Dept. 1993), the Second Department permitted such service when it appeared defendant had indeed moved from the address set forth in the accident report with no forwarding address left.  Similar results were had in Kroph v. King, 38 A.D.2d 327, 292 N.Y.S.2d 6 (2nd Dept. 1968), Solomon v. Horie Karate Dojo, 283A.D.2d 475, 724 N.Y.S.2d 648 (2nd Dept. 2001) and Beacom v. Mangone Homes Inc., 233 A.D.2d 470, 650 N.Y.S.2d 988 (2nd Dept. 1996).  These cases are analogous to the situation here.  Plaintiff cannot locate defendant, but can locate defendant's who insure him and counsel.  There are no reasons proffered as to how or why defendants cannot accept service on Amore's behalf and defend him.

Based on the foregoing it is evident that plaintiff has made all reasonable efforts to serve defendant Amore.  Since

2

defendant had, at most, an international driver's license, it is increasingly apparent that it is for all intents and purposes impossible for plaintiff to locate him.  It is precisely this situation that justifies service on defense counsel and/or defendants themselves as they are both most likely and best suited to defend him and represent his best interests.  The fact that defense counsel is equally unable to find him as the letter of April 28, 2008 so attests (Exhibit "G") only serves to bolster plaintiff's need for affirmative relief and leave to serve defense counsel and defendant on his behalf.

WHEREFORE, plaintiffs respectfully request that this Court issue an Order pursuant to CPLR § 306(b) enlarging the time in which plaintiff might effect service and for a further Order pursuant to CPLR § 308(5) and Federal Rule of Civil Procedure 4(e)(1) for permission to serve defense counsel on Amore's behalf, together with such other and further relief as to the Court may seem just and proper.

Dated:   May 13, 2008
         Newburgh, New York

                              Respectfully submitted,

                              FINKELSTEIN & PARTNERS
                              of Counsel to JACOBY & MEYERS
                              Attorneys for Plaintiffs

              By:   _____
                              JAMES W. SHUTTLEWORTH, III, ESQ.
                              of Counsel

                              3



EXHIBIT

FILE #73028-02-1/db

*File COPY*
DATE OF FILING: 10/9/07

INDEX #: 301602/07

Plaintiff designates
Bronx County
as the place of trial.

The basis of venue is:
Plaintiff(s) residence.

Plaintiff resides at:
2386 Walton Avenue
Bronx, New York
County of Bronx.

SUPREME COURT STATE OF NEW YORK
COUNTY OF BRONX
----------------------------------------------------------------------X
JOSE PEREZ and ROSA PEREZ,

                                   Plaintiff(s),

             -against-                               SUMMONS

GAETANO AMORE, FREEDOM RENTAL, FREEDOM RENT A CAR,
ROSEDALE DODGE, INC. and BERGEN RENT A CAR, L.L.C.,

                                   Defendant(s).
----------------------------------------------------------------------X
To the above named defendant(s):

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a
copy of your answer, or, if the complaint is not served with this summons, to serve a notice
of appearance, on the Plaintiff's Attorney(s) within –20- days after the service of this
summons, exclusive of the day of service (or within 30 days after the service is complete if
this summons is not personally delivered to you within the State of New York); and in case
of your failure to appear or answer, judgment will be taken against you by default for the
relief demanded in the complaint.

                    JACOBY & MEYERS, LLP
                    Attorneys for Plaintiff(s)
                    c/o PROCESSING CENTER
                    436 Robinson Avenue
                    Newburgh, New York 12550
                    1-800-890-3090

                    STEVEN G. DAVIS, ESQ.

COUNTY CLERK
BRONX COUNTY
07 OCT -9 AM 11:57

Dated: October 1, 2007.

DEFENDANT'S ADDRESS:
SEE VERIFIED COMPLAINT

RECEIVED

Bronx County Clerks Office
851 Grand Concourse
Bronx, NY 10451

Department:           LAW
Transaction No    1053084
Plaintiff             JOSE PEREZ  AN
Defendant             GAETANO AMOR
IndexNo               301602-2007
Type:                 CT

| | |
|---|---|
| Amount Due: | $210.00 |
| amount Rcvd | $210.00 |
| Change Due: | $0.00 |

Date:        10/09/0
Time:        12:38 PM

File #73028-02-1/db

STATE OF NEW YORK
SUPREME COURT : COUNTY OF BRONX
--------------------------------------x
JOSE PEREZ and ROSA PEREZ,

                              Plaintiffs,

        -against-                                VERIFIED COMPLAINT

GAETANO AMORE, FREEDOM RENTAL,
FREEDOM RENT A CAR, ROSEDALE DODGE,
INC. and BERGEN RENT A CAR, L.L.C.,

                              Defendants.
--------------------------------------x

        Plaintiffs, by attorneys, JACOBY & MEYERS, LLP as and for the

Verified Complaint, herein allege the following:

                AS AND FOR A FIRST CAUSE OF ACTION ON
                BEHALF OF PLAINTIFF, JOSE PEREZ

        1.  That at all times hereinafter mentioned, the plaintiffs were

and still are residents of the County of Bronx, State of New York.

        2.  That at all times hereinafter mentioned, upon information and

belief, the defendant, GAETANO AMORE, was and still is a resident of

the County of Bergen, State of New Jersey.

        3.  That at all times hereinafter mentioned, upon information and

belief, the defendant, ROSEDALE DODGE, INC., was and still is a

domestic corporation organized and existing under and by virtue of

the Laws of the State of New York.

4.  That at all times hereinafter mentioned, upon information and belief, the defendant, ROSEDALE DODGE, INC., was and still is a foreign corporation duly incorporated within the State of Minnesota.

5.  That at all times hereinafter mentioned, upon information and belief, the defendant, ROSEDALE DODGE, INC., was and still is a foreign corporation authorized to do business in the State of New York.

6.  That at all times hereinafter mentioned, upon information and belief, the defendant, ROSEDALE DODGE, INC., was and still is a business entity doing business within the State of New York.

7.  That at all times hereinafter mentioned, upon information and belief, the defendant, BERGEN RENT A CAR, L.L.C., was and still is a domestic limited liability company organized and existing under and by virtue of the Laws of the State of New York.

8.  That at all times hereinafter mentioned, upon information and belief, the defendant, BERGEN RENT A CAR, L.L.C., was and still is a foreign limited liability company duly incorporated within the State of Minnesota.

9.  That at all times hereinafter mentioned, upon information and belief, the defendant, BERGEN RENT A CAR, L.L.C., was and still is a foreign limited liability company authorized to do business in the State of New York.

- 2 -

the Laws of the State of New York.

4. That at all times hereinafter mentioned, upon information and belief, the defendant, ROSEDALE DODGE, INC., was and still is a foreign corporation duly incorporated within the State of Minnesota.

5. That at all times hereinafter mentioned, upon information and belief, the defendant, ROSEDALE DODGE, INC., was and still is a foreign corporation authorized to do business in the State of New York.

6. That at all times hereinafter mentioned, upon information and belief, the defendant, ROSEDALE DODGE, INC., was and still is a business entity doing business within the State of New York.

7. That at all times hereinafter mentioned, upon information and belief, the defendant, BERGEN RENT A CAR, L.L.C., was and still is a domestic limited liability company organized and existing under and by virtue of the Laws of the State of New York.

8. That at all times hereinafter mentioned, upon information and belief, the defendant, BERGEN RENT A CAR, L.L.C., was and still is a foreign limited liability company duly incorporated within the State of Minnesota.

9. That at all times hereinafter mentioned, upon information and belief, the defendant, BERGEN RENT A CAR, L.L.C., was and still is a foreign limited liability company authorized to do business in the State of New York.

- 2 -

10. That at all times hereinafter mentioned, upon information and belief, the defendant, BERGEN RENT A CAR, L.L.C., was and still is a business entity doing business within the State of New York.

11. That at all times hereinafter mentioned, upon information and belief, the defendant, FREEDOM RENTAL, was and still is a domestic corporation organized and existing under and by virtue of the Laws of the State of New York.

12. That at all times hereinafter mentioned, upon information and belief, the defendant, FREEDOM RENTAL, was and still is a foreign corporation duly incorporated within the State of New Jersey.

13. That at all times hereinafter mentioned, upon information and belief, the defendant, FREEDOM RENTAL, was and still is a foreign corporation authorized to do business in the State of New York.

14. That at all times hereinafter mentioned, upon information and belief, the defendant, FREEDOM RENTAL, was and still is a business entity doing business within the State of New York.

15. That at all times hereinafter mentioned, upon information and belief, the defendant, FREEDOM RENT A CAR, was and still is a domestic corporation organized and existing under and by virtue of the Laws of the State of New York.

16. That at all times hereinafter mentioned, upon information and belief, the defendant, FREEDOM RENT A CAR, was and still is a foreign corporation duly incorporated within the State of New Jersey.

17. That at all times hereinafter mentioned, upon information and belief, the defendant, FREEDOM RENT A CAR, was and still is a foreign corporation authorized to do business in the State of New York.

18. That at all times hereinafter mentioned, upon information and belief, the defendant, FREEDOM RENT A CAR, was and still is a business entity doing business within the State of New York.

19. That at all times hereinafter mentioned, upon information and belief, the defendant, FREEDOM RENTAL, was the titled owner of a 2005 Chevrolet motor vehicle, bearing License Plate #RYY68B, for the State of New Jersey.

20. That at all times hereinafter mentioned, upon information and belief, the defendant, FREEDOM RENTAL, was the registered owner of a 2005 Chevrolet motor vehicle, bearing License Plate #RYY68B, for the State of New Jersey.

21. That at all times hereinafter mentioned, upon information and belief, the defendant, FREEDOM RENTAL, was the lessee of a 2005 Chevrolet motor vehicle, bearing License Plate #RYY68B, for the State of New Jersey.

22. That at all times hereinafter mentioned, upon information and belief, the defendant, FREEDOM RENTAL, was the lessor of a 2005 Chevrolet motor vehicle, bearing License Plate #RYY68B, for the State of New Jersey.

23. That at all times hereinafter mentioned, upon information and belief, the defendant, FREEDOM RENT A CAR, was the titled owner of a 2005 Chevrolet motor vehicle, bearing License Plate #RYY68B, for the State of New Jersey.

24. That at all times hereinafter mentioned, upon information and belief, the defendant, FREEDOM RENT A CAR, was the registered owner of a 2005 Chevrolet motor vehicle, bearing License Plate #RYY68B, for the State of New Jersey.

25. That at all times hereinafter mentioned, upon information and belief, the defendant, FREEDOM RENT A CAR, was the lessee of a 2005 Chevrolet motor vehicle, bearing License Plate #RYY68B, for the State of New Jersey.

26. That at all times hereinafter mentioned, upon information and belief, the defendant, FREEDOM RENT A CAR, was the lessor of a 2005 Chevrolet motor vehicle, bearing License Plate #RYY68B, for the State of New Jersey.

27. That at all times hereinafter mentioned, upon information and belief, the defendant, ROSEDALE DODGE, INC., was the titled owner of a 2005 Chevrolet motor vehicle, bearing License Plate #RYY68B, for the State of New Jersey.

28. That at all times hereinafter mentioned, upon information and belief, the defendant, ROSEDALE DODGE, INC., was the registered owner of a 2005 Chevrolet motor vehicle, bearing License Plate #RYY68B, for

the State of New Jersey.

29. That at all times hereinafter mentioned, upon information and belief, the defendant, ROSEDALE DODGE, INC., was the lessee of a 2005 Chevrolet motor vehicle, bearing License Plate #RYY68B, for the State of New Jersey.

30. That at all times hereinafter mentioned, upon information and belief, the defendant, ROSEDALE DODGE, INC., was the lessor of a 2005 Chevrolet motor vehicle, bearing License Plate #RYY68B, for the State of New Jersey.

31. That at all times hereinafter mentioned, upon information and belief, the defendant, BERGEN RENT A CAR, L.L.C., was the titled owner of a 2005 Chevrolet motor vehicle, bearing License Plate #RYY68B, for the State of New Jersey.

32. That at all times hereinafter mentioned, upon information and belief, the defendant, BERGEN RENT A CAR, L.L.C., was the registered owner of a 2005 Chevrolet motor vehicle, bearing License Plate #RYY68B, for the State of New Jersey.

33. That at all times hereinafter mentioned, upon information and belief, the defendant, BERGEN RENT A CAR, L.L.C., was the lessee of a 2005 Chevrolet motor vehicle, bearing License Plate #RYY68B, for the State of New Jersey.

34. That at all times hereinafter mentioned, upon information and belief, the defendant, BERGEN RENT A CAR, L.L.C., was the lessor of a 2005 Chevrolet motor vehicle, bearing License Plate #RYY68B, for the State of New Jersey.

35. That at all times hereinafter mentioned, upon information and belief, the defendant, GAETANO AMORE, was the operator of the aforesaid motor vehicle, bearing License Plate #RYY68B, for the State of New Jersey.

36. That at all times hereinafter mentioned, upon information and belief, the defendant, GAETANO AMORE, operated the aforesaid motor vehicle with the express and/or implied permission, consent and knowledge of the defendant owner, FREEDOM RENTAL.

37. That at all times hereinafter mentioned, upon information and belief, the defendant, GAETANO AMORE, operated the aforesaid motor vehicle with the express and/or implied permission, consent and knowledge of the defendant owner, FREEDOM RENT A CAR.

38. That at all times hereinafter mentioned, upon information and belief, the defendant, GAETANO AMORE, operated the aforesaid motor vehicle with the express and/or implied permission, consent and knowledge of the defendant owner, ROSEDALE DODGE, INC.

39. That at all times hereinafter mentioned, upon information and belief, the defendant, GAETANO AMORE, operated the aforesaid motor vehicle with the express and/or implied permission, consent and

- 7 -

34. That at all times hereinafter mentioned, upon information and belief, the defendant, BERGEN RENT A CAR, L.L.C., was the lessor of a 2005 Chevrolet motor vehicle, bearing License Plate #RYY68B, for the State of New Jersey.

35. That at all times hereinafter mentioned, upon information and belief, the defendant, GAETANO AMORE, was the operator of the aforesaid motor vehicle, bearing License Plate #RYY68B, for the State of New Jersey.

36. That at all times hereinafter mentioned, upon information and belief, the defendant, GAETANO AMORE, operated the aforesaid motor vehicle with the express and/or implied permission, consent and knowledge of the defendant owner, FREEDOM RENTAL.

37. That at all times hereinafter mentioned, upon information and belief, the defendant, GAETANO AMORE, operated the aforesaid motor vehicle with the express and/or implied permission, consent and knowledge of the defendant owner, FREEDOM RENT A CAR.

38. That at all times hereinafter mentioned, upon information and belief, the defendant, GAETANO AMORE, operated the aforesaid motor vehicle with the express and/or implied permission, consent and knowledge of the defendant owner, ROSEDALE DODGE, INC.

39. That at all times hereinafter mentioned, upon information and belief, the defendant, GAETANO AMORE, operated the aforesaid motor vehicle with the express and/or implied permission, consent and

knowledge of the defendant owner, BERGEN RENT A CAR, L.L.C.

40. That at all times hereinafter mentioned, the plaintiff, JOSE PEREZ, was the operator of a 1998 Dodge motor vehicle, bearing License Plate #14022LA, for the State of New York, owned by one, Nice & Friendly Transport.

41. That on or about the 27th day of December, 2004, the plaintiff, JOSE PEREZ, operated the aforesaid motor vehicle while within the scope of his employment with on, Travel Well Transportation.

42. That at all times hereinafter mentioned, White Plains Road at intersection with Pelham Parkway, located in the Borough of Bronx, County of Bronx, State of New York, was and still is a public highway and thoroughfare and was the situs of the accident herein.

43. That on or about the 27th day of December, 2004, the aforementioned motor vehicles were in contact with each other.

44. The accident and resulting injuries were caused by the negligent, wanton, reckless and careless acts of the defendants herein.

45. That the defendants, and each of them, were negligent, wanton, reckless and careless in allowing, causing, and/or permitting their motor vehicle to come into contact with the plaintiff's motor vehicle; in failing to properly keep, control and maintain the motor vehicle so as to prevent the accident herein; in failing to keep the

- 8 -

motor vehicle under proper control; in failing to operate the motor vehicle in a manner and at a speed that was reasonable and proper under the prevailing traffic conditions; in failing to properly operate the braking and acceleration devices of the motor vehicle under the circumstances of the roadway where the accident occurred; in failing to keep a proper lookout; in failing to stop and/or slow down; in acting with reckless disregard for the safety of others; in failing to keep alert and attentive; in failing to properly apply brakes; in failing to sound horn; in failing to yield the right of way; in failing to obey traffic signs, signals and/or lights; and the defendants were in other ways negligent, wanton, reckless, and careless.

46. The limited liability provisions of C.P.L.R. 1601 do not apply pursuant to C.P.L.R. 1602(6) on the grounds that the defendants liability is based upon their use, operation and ownership of a motor vehicle or motorcycle and C.P.L.R. 1602(7) on the grounds that defendants acted with reckless disregard for the safety of others including the plaintiff herein.

47. That by reason of the foregoing, this plaintiff was caused to sustain severe and serious personal injuries to his mind and body, some of which, upon information and belief, are permanent with permanent effects of pain, disability, disfigurement and loss of body function. Further, this plaintiff was caused to expend and become

obligated for diverse sums of money as a result of this accident; and this plaintiff further was caused to lose substantial periods of time from his normal vocation and activities, and upon information and belief, may continue in that way into the future and suffer similar losses.

48. That this plaintiff sustained a serious injury, as defined in Subdivision (d) of Section 5102 of the Insurance Law of the State of New York and economic loss greater than basic economic loss, as defined in Subdivision (a) of Section 5102 of the Insurance Law of the State of New York.

49. That by reason of the foregoing, this plaintiff was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would have jurisdiction of this matter.

AS AND FOR A SECOND CAUSE OF ACTION ON
BEHALF OF PLAINTIFF, ROSA PEREZ

50. This plaintiff repeats, reiterates, and realleges each and every allegation contained in the paragraphs numbered '1' through '48' of the First Cause of Action, with the same force and effect as if more fully set forth herein at length.

51. That as a result of the aforementioned, this plaintiff, the lawful wedded spouse of the plaintiff in the First Cause of Action, has and will suffer the loss and impairment of the spouse's services,

society and consortium, all to the damage of this plaintiff in a sum which exceeds the jurisdictional limits of all lower courts which would have jurisdiction of this matter.

WHEREFORE, plaintiffs demand judgment against the defendant(s) as follows:

(1) A sum which exceeds the jurisdictional limits of all lower courts which the jury would find to be fair, adequate and just in the First Cause of Action, and

(2) A sum which exceeds the jurisdictional limits of all lower courts which the jury would find to be fair, adequate and just in the Second Cause of Action, together with the costs and disbursements of this Action.

Yours, etc.,
JACOBY & MEYERS, LLP
Attorneys for Plaintiff(s)
Office & P.O. Address
C/O Processing Center
436 Robinson Avenue
Newburgh, New York 12550

BY: _____
STEVEN G. DAVIS, ESQ.

TO:  FREEDOM RENTAL
     FREEDOM RENT A CAR
     Defendants
     1187 Teaneck Road
     Teaneck, New Jersey 07666

     GAETANO AMORE
     Defendant
     43 Industrial Avenue
     Fairview, New Jersey 07022

- 11 -

ROSEDALE DODGE, INC.
Defendant
2755 Long Lake Road
Roseville, Minnesota 55113


BERGEN RENT A CAR, L.L.C.
Defendant
1187 Teaneck Road
Teaneck, New Jersey  07666

STATE OF NEW YORK : COUNTY OF ORANGE        ss:

I, the undersigned, am an attorney admitted to practice in the courts of New York State, and say that:

I am the attorney of record, or of counsel with the attorney(s) of record, for the plaintiff(s). I have read the annexed Verified Complaint, know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

My belief, as to those matters therein not stated upon knowledge, is based upon the following:

Facts and information contained in deponent's file. The reason I make this affirmation instead of the plaintiffs is because the plaintiffs reside outside of county where deponent maintains his office.

I affirm that the foregoing statements are true under penalties of perjury.

Dated: October  / , 2007.

                                            STEVEN G. DAVIS, ESQ.

- 13 -

# B

**EXHIBIT**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

73028-00
BIR

————————————————————————X

JOSE PEREZ AND ROSA PEREZ,

Plaintiff,                                  Index No.: 301602/07

-against-                               **VERIFIED ANSWER**

GAETANO AMORE, FREEDOM RENTAL, FREEDOM
RENT A CAR, ROSEDALE DODGE, INC. and
BERGEN RENT A CAR, LLC,

Defendants.

————————————————————————X

Defendants, GAETANO AMORE, FREEDOM RENTAL, d/b/a FREEDOM RENT A

CAR, ROSEDALE DODGE, INC., and BERGEN RENT A CAR, LLC, by their attorneys,

WHITE FLEISCHNER & FINO, LLP, as and for their answer to the plaintiffs' verified

complaint, respectfully alleges:

### AS AND FOR DEFENDANTS' RESPONSE TO
### PLAINTIFFS' FIRST CAUSE OF ACTION

1.     Denies each and every allegation set forth in paragraphs numbered "3", "7",

"8", "9", "10", "11", "13", "14", "15", "16", "17", "18", "19", "20", "21", "22", "23", "24",

"25", "26", "44" and "45".

2.     Denies knowledge and information sufficient to form a belief as to those

allegations set forth in paragraphs numbered "1", "40", "41" and "42".

3.     Upon information and belief denies those allegations set forth in paragraphs

numbered "5", "6", "28", "29", "31", "34", "38" and "39".

4.     Denies each and every allegation set forth in paragraphs numbered "12" except

admits that FREEDOM RENTAL, LLC, is a New Jersey corporation formed after December

27, 2004.

5.     Denies each and every allegation set forth in paragraphs numbered "30" except admits that ROSEDALE DODGE, INC., was the registered owner of a vehicle with New Jersey license plate RYY68B.

6.     Denies each and every allegation set forth in paragraphs numbered "46", "47", "48" and "49, and leaves all matters of law to the honorable court.

## AS AND FOR DEFENDANTS' RESPONSE TO
## PLAINTIFFS' SECOND CAUSE OF ACTION

7.     Defendants, GAETANO AMORE, FREEDOM RENTAL, d/b/a FREEDOM RENT A CAR, ROSEDALE DODGE, INC., and BERGEN RENT A CAR, LLC, repeat(s) and reiterate(s) each and every denial heretofore made in this answer to the paragraphs of the complaint designated "1" through "49" inclusive, with the same force and effect as if set forth here more particularly at length, all in response to the paragraph of the complaint designated "50".

8.     Denies each and every allegation set forth in paragraphs numbered "51".

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

9.     Pursuant to CPLR Article 16, the liability of defendants, GAETANO AMORE, FREEDOM RENTAL, d/b/a FREEDOM RENT A CAR, ROSEDALE DODGE, INC., and BERGEN RENT A CAR, LLC, to the plaintiff herein for non-economic loss is limited to defendants', GAETANO AMORE, FREEDOM RENTAL, d/b/a FREEDOM RENT A CAR, ROSEDALE DODGE, INC., and BERGEN RENT A CAR, LLC's, equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for non-economic loss.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

10.     That by entering into the activity in which the plaintiff(s) was engaged at the

time of the occurrence set forth in the complaint, said plaintiff(s) knew the hazards thereof and the inherent risks incident thereto and had full knowledge of the dangers thereof; that whatever injuries and damages were sustained by the plaintiff(s) herein as alleged in the complaint arose from and were caused by reason of such risks voluntarily undertaken by the plaintiff(s) in his activities and such risks were assumed and accepted by him in performing and engaging in said activities.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

11.     Plaintiff(s) have recovered the costs of medical care, dental care, custodial care, rehabilitation services, loss of earnings and other economical loss and any future such loss or expense will, with reasonable certainty, be replaced or indemnified in whole or in part from collateral sources.   Any award made to plaintiff(s) shall be reduced in accordance with the provisions of CPLR 4545(c).

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

12.     Any damages sustained by the plaintiff(s) were caused by the culpable conduct of the plaintiff(s), including contributory negligence, assumption of risks, breach of contract and not by the culpable conduct or negligence of this answering defendant.  But if a verdict of judgment is awarded to the plaintiff(s), then and in that event the damages shall be reduced in the proportion which the culpable conduct attributable to the plaintiff(s) bears to the culpable conduct which caused the damages.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

13.     This case shall be dismissed under the doctrine of Forum Non Conveniens.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

14.     Whatever injuries and/or damages sustained by the plaintiff at the time and

place alleged in the complaint, were due to the acts of parties over whom the defendant was not obligated to exercise any control or supervision.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

15.    That the Court herein does not have jurisdiction over the person of the defendants, GAETANO AMORE, FREEDOM RENTAL, d/b/a FREEDOM RENT A CAR, ROSEDALE DODGE, INC., and BERGEN RENT A CAR, LLC, in that they were not properly served with the summons and complaint in the above action.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

16.    Plaintiff failed to mitigate damages.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

17.    That plaintiff(s) does not have a "serious injury" as defined in §5102 and §5104 et. seq. of the New York Insurance Law and is therefore barred from maintaining this action.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

18.    That the defendants, GAETANO AMORE, FREEDOM RENTAL, d/b/a FREEDOM RENT A CAR, ROSEDALE DODGE, INC., and BERGEN RENT A CAR, LLC, exercised reasonable care in the ownership, maintenance and operation of the vehicle in question.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

19.    The vehicle in question conformed with all applicable rules, regulations, laws, statutes, codes, standards and requirements formulated and/or in effect at the time of the alleged accident.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

20.    That the plaintiffs failed to use safety devices, including but not limited to

seatbelts, that were available to the plaintiffs at the time of the events alleged in the plaintiffs' complaint and the plaintiffs' failure to use such devices was negligent and was a cause in whole or in part of the injuries sustained by plaintiffs.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

21.    That plaintiff(s) injuries were caused in whole or in part by the failure of the operator of the host vehicle to properly restrain the plaintiff in said motor vehicle with a safety seat or belt, pursuant to Vehicle and Traffic Law §1229(c).

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

22.    That the plaintiffs could with due diligence have obtained personal jurisdiction over tortfeasors not made parties to this lawsuit and thus the culpability of such missing or absent tortfeasors is to be apportioned into the total culpability allegedly causing the subject occurrence.

WHEREFORE, defendants, GAETANO AMORE, FREEDOM RENTAL, d/b/a FREEDOM RENT A CAR, ROSEDALE DODGE, INC., and BERGEN RENT A CAR, LLC, by their attorneys, WHITE FLEISCHNER & FINO, LLP, demands judgment dismissing the complaint herein together with the costs and disbursements of this action.

Dated: New York, New York
      January 2, 2008

Yours, etc.,

WHITE FLEISCHNER & FINO, LLP

By: _____

DANIEL M. STEWART
Attorneys for Defendants
61 Broadway, 18th Floor
New York, New York 10006
(212) 487-9700
Our File No.: 117-13119-D-DMS/ODR

TO:    (See Attached Affidavit)

STATE OF NEW YORK      )
COUNTY OF NEW YORK   ) ss:

DANIEL M. STEWART, being duly sworn, deposes and says:

That he is the attorney for the defendants in the within action; that he has read the within Answer and knows the contents thereof, and that same is true to his own knowledge, except and to the matters herein stated to be alleged upon information and belief, and that as to those matters he believes it to be true.

That the sources of his information and knowledge are investigation and records on file.

That the reason this verification is being made by deponent and not by defendant(s) is that the defendants are not within the county where deponent has his office.

DANIEL M. STEWART

Sworn to before me this
2nd day of January, 2008

WENDY A. JANTZ
Notary Public, State of New York
No. 01JA50 5412
Qualified in Richmond County
Commission Expires January 23, 20__



**EXHIBIT**

File #73028-02-1/lfp

STATE OF NEW YORK
SUPREME COURT : COUNTY OF BRONX
----------------------------------------x
JOSE PEREZ and ROSA PEREZ,

                Plaintiff,

      -against-                  VERIFIED BILL OF
                                    PARTICULARS
                              INDEX NO: 301602/07

GAETANO AMORE, FREEDOM RENTAL, FREEDOM RENT
A CAR, ROSEDALE DODGE,
INC. and BERGEN RENT A CAR, L.L.C.,

                Defendants.
----------------------------------------x

      Plaintiff, by attorneys, JACOBY & MEYERS, LLP as and for the

Verified Bill of Particulars, herein alleges, upon information and

belief, the following:

      1.  The date of birth of the plaintiff, JOSE PEREZ, was February

9, 1976.  The social security number of the plaintiff, JOSE PEREZ, is

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.  The address of the plaintiff, JOSE PEREZ, is 2386

Walton Avenue, Apt. 5-G, Bronx, New York 10468.

      2.  The accident occurred on or about the 27th day of December,

2004 at approximately 10:53 A.M.  The remainder of the request herein

is not properly the subject of a Demand for Bill of Particulars.

3.   The accident occurred on White Plains Road at intersection with Pelham Parkway, located in the Borough of Bronx, County of Bronx, State of New York. Upon information and belief, the manner in which the accident occurred was that the defendants negligently, wantonly, recklessly and carelessly caused their motor vehicle to come into contact with the motor vehicle of the plaintiff.

4.   The accident occurred on White Plains Road at intersection with Pelham Parkway, located in the Borough of Bronx, County of Bronx, State of New York. Upon information and belief, the motor vehicle of the defendants, FREEDOM RENTAL and GAETANO AMORE, was proceeding in a northerly direction and the motor vehicle of the plaintiff, JOSE PEREZ, was proceeding in an easterly direction. Upon information and belief, the front-end of the motor vehicle of the plaintiff, JOSE PEREZ, came into contact with the front-driver side of the motor vehicle of the defendants.

5.   Not applicable.

6.   That the defendants, and each of them, were negligent, wanton, reckless and careless in allowing, causing, and/or permitting their motor vehicle to come into contact with the plaintiff's motor vehicle; in failing to properly keep, control and maintain the motor vehicle so as to prevent the accident herein; in failing to keep the motor vehicle under proper control; in failing to operate the motor

- 2 -

vehicle in a manner and at a speed that was reasonable and proper

under the prevailing traffic conditions; in failing to properly

operate the braking and acceleration devices of the motor vehicle

under the circumstances of the roadway where the accident occurred;

in failing to keep a proper lookout; in failing to stop and/or slow

down; in acting with reckless disregard for the safety of others; in

failing to keep alert and attentive; in failing to properly apply

brakes; in failing to sound horn; in failing to yield the right of

way and in failing to obey traffic signs, signals and/or lights.

7.  The defendants violated sections 1101, 1180a, 1180e, 1212

and 111d of Title III and Title VII of the Vehicle and Traffic Law of

the State of New York and other such rules, regulations, statutes and

ordinances which the Court may take judicial notice of at trial.

8.  The plaintiff, JOSE PEREZ, sustained the following injuries:

        COMMINUTED FRACTURE THROUGH THE UPRA-ACETABULAR
            ILIAC BONE, EXTENDING TO THE ROOF AND
            POSTERIOR COLUMN OF THE RIGHT ACETABULUM;
        POSSIBLE FRACTURE OF THE ACETEBULAR COMPONENT,
            RIGHT HIP;
        SPRAIN RIGHT HIP;
        RIGHT HIP DYSPLASIA;
        DISPLACEMENT OF ACETABULAR CUP, WITH GAP BETWEEN
            ACETABULAR CUP AND MEDIAL WALL OF ACETABULUM
            MEASURING 1.3 CM;
        LINEAR DEFECT IN RIGHT ACETABULAR HIP;
        LUCENCIES THROUGHOUT THE RIGHT ACETABULUM;
        TRAUMATIC TROCHANTERIC BURSITIS, RIGHT HIP;
        TENDINITIS, RIGHT HIP;
        OSTEOPHYTE, RIGHT HIP;

- 3 -

PERMANENT SIGNIFICANT SCARRING AND DISFIGUREMENT
    SECONDARY TO  (1) REMOVAL OF HARDWARE,
    TROCHANTERIC CLAW AND FALL-MILES CABLES OF
    RIGHT HIP  (2) EXCISION OF OSTEOPHYTE FROM
    RIGHT GREATER TROCHANTER OF RIGHT HIP,
    PERFORMED 7/25/05;
AGGRAVATION, ACTIVATION AND/OR EXACERBATION OF A
    PRIOR RIGHT HIP INJURY/SURGERY;
FUTURE ARTHRITIS IS EXPECTED AT OR NEAR FRACTURE;
ACCOMPANYING SEVERE PAIN, SWELLING AND
    TENDERNESS;
RESTRICTION OF MOTION;
SEVERE PAIN ON MOVEMENT AND PALPATION;
PERMANENT DISABILITY;

Note, that due to the injuries sustained in this accident, the

plaintiff was caused to crutches for an extensive period of time,

thereby suffering the following additional injuries:

THORACIC SPINE SPRAIN AND/OR STRAIN;
LUMBAR SPINE SPRAIN AND/OR STRAIN;
ACCOMPANYING SEVERE PAIN, SWELLING AND
    TENDERNESS;
RESTRICTION OF MOTION;
SEVERE PAIN ON MOVEMENT AND PALPATION;

SPRAIN AND/OR STRAIN RIGHT SHOULDER;
ACCOMPANYING SEVERE PAIN, SWELLING AND
    TENDERNESS;
RESTRICTION OF MOTION;
SEVERE PAIN ON MOVEMENT AND PALPATION;

TEAR OF THE POSTERIOR HORN OF THE MEDIAL MENISCUS
    OF LEFT KNEE, EXTENDING TO THE INFERIOR
    ARTICULAR SURFACE;
TEAR OF THE MEDIAL COLLATERAL LIGAMENT OF LEFT
    KNEE;
SPRAIN AND/OR STRAIN BILATERAL KNEES;

- 4 -

LATERAL SHIFT OF PATELLA WITH ARTHROSIS AND
    CHONDROMALACIA OF LEFT KNEE;
JOINT EFFUSION, LEFT KNEE;
CHRONIC MYALGIA IS EXPECTED AT OR NEAR TEAR;
ACCOMPANYING SEVERE PAIN, SWELLING AND
    TENDERNESS;
RESTRICTION OF MOTION;
SEVERE PAIN ON MOVEMENT AND PALPATION;
PERMANENT DISABILITY;

HEADACHES;

The plaintiff, JOSE PEREZ, will claim that the following

injuries are permanent and progressive:

COMMINUTED FRACTURE THROUGH THE UPRA-ACETABULAR
    ILIAC BONE, EXTENDING TO THE ROOF AND
    POSTERIOR COLUMN OF THE RIGHT ACETABULUM;
POSSIBLE FRACTURE OF THE ACETEBULAR COMPONENT,
    RIGHT HIP;
TEAR OF THE POSTERIOR HORN OF THE MEDIAL MENISCUS
    OF LEFT KNEE, EXTENDING TO THE INFERIOR
    ARTICULAR SURFACE;
TEAR OF THE MEDIAL COLLATERAL LIGAMENT OF LEFT
    KNEE;
DISPLACEMENT OF ACETABULAR CUP, WITH GAP BETWEEN
    ACETABULAR CUP AND MEDIAL WALL OF ACETABULUM
    MEASURING 1.3 CM;
LATERAL SHIFT OF PATELLA WITH ARTHROSIS AND
    CHONDROMALACIA OF LEFT KNEE;
PERMANENT SIGNIFICANT SCARRING AND DISFIGUREMENT
    SECONDARY TO  (1) REMOVAL OF HARDWARE,
    TROCHANTERIC CLAW AND FALL-MILES CABLES OF
    RIGHT HIP  (2) EXCISION OF OSTEOPHYTE FROM
    RIGHT GREATER TROCHANTER OF RIGHT HIP,
    PERFORMED 7/25/05;
ACCOMPANYING SEVERE PAIN, SWELLING AND
    TENDERNESS;
RESTRICTION OF MOTION;
SEVERE PAIN ON MOVEMENT AND PALPATION;

9.  The plaintiff, JOSE PEREZ, was confined to Jacobi Medical Center, 1400 Pelham Parkway South, Room 1N54A, Bronx, New York 10461, on December 27, 2004 for emergency and x-ray treatment on an outpatient basis.  In addition, the plaintiff was confined to Hospital for Joint Disease, 301 East 17th Street, New York, New York 10003, July 25, 2005 through July 27, 2005 for surgery on an inpatient basis.  Following the date of the accident, the plaintiff, JOSE PEREZ, was confined to bed for a period of approximately 2 weeks and there after intermittently confined to home through July 25, 2005.  In addition, the plaintiff was confined to bed for a period of approximately 2 weeks following the date of his surgery, and there after intermittently confined to home through approximately October 2006.

10. - 12.  The plaintiff, JOSE PEREZ, has been treated by the following physicians and healthcare providers to date:

        DONALD ROSE, MD
        1095 Park Avenue
        New York, New York 10128
        8/15/05 - 1/7/08

        NYU HOSPITAL FOR JOINT DISEASE
        301 East 17th Street
        Suite 200
        New York, New York 10003
        7/25/05 - 7/27/05

- 6 -

WILLIAM L. JAFFE, MD
1095 Park Avenue
New York, New York 10128
1/4/05 - 9/27/06

JACOBI MEDICAL CENTER
1400 Pelham Parkway South
Bronx, New York 10461
12/27/04

The plaintiff has treated with physicians and healthcare providers on numerous occasions, however, the exact dates of treatment are unknown.

13.    The plaintiff, JOSE PEREZ, is claiming an aggravation, activation and/or exacerbation of a prior hip injury which occurred due to a worker's compensation accident in 1995.    The plaintiff underwent a total hip replacement in 1995.    The plaintiff treated with Jacobi Medical Center and William L. Jaffe, MD for this prior injury/surgery.

14. - 15.    At the time of the accident, the plaintiff, JOSE PEREZ, was employed by Travel Wells Transportation, located at 1600 Pelham Parkway South, Bronx, New York 10461, earning the approximate sum of $860.00 per week.    The plaintiff, JOSE PEREZ, was incapacitated from employment from December 27, 2004 through approximately October 2006, thereby claiming lost earnings in the approximate sum of $79,120.00.

- 7 -

It is further claimed that these injuries will limit the plaintiff's ability to maintain employment and secure future employment throughout the course of his lifetime, as well as, limit plaintiff's future earning potential and ability to secure any fringe benefit packages available with said future employment.

16. The plaintiff, JOSE PEREZ, began employment with Pepsi Bottle Company, located at 112-02 15th Avenue, College Point, New York 11356, as a Hi-Lo Lift Operator, earning the approximate sum of $900.00 per week on October 2, 2006.

17. - 18. Special damages ascertainable to date and continuing for plaintiff, JOSE PEREZ, are as follows:

| HOSPITAL | -approx- | $15,546.32 |

JACOBI MEDICAL CENTER
1400 Pelham Parkway South
Room 1N54A
Bronx, New York 10461
12/27/04

NYU HOSPITAL FOR JOINT DISEASE
301 East 17th Street
Suite 200
New York, New York 10003
7/25/05 - 7/27/05

| PHYSICIANS SERVICES | -approx- | $ 4,228.66 |

DONALD ROSE, MD
1095 Park Avenue
New York, New York 10128
8/15/05 - 1/7/08

- 8 -

WILLIAM L. JAFFE, MD
1095 Park Avenue
New York, New York 10128
1/4/05 - 9/27/06

Plaintiff reserves the right to claim any additional special damages that may arise and or become known.

19. - 20.  The plaintiff, JOSE PEREZ, is claiming an aggravation, activation and/or exacerbation of a prior hip injury which occurred due to a worker's compensation accident in 1995.  The plaintiff underwent a total hip replacement in 1995.  The plaintiff treated with Jacobi Medical Center and William L. Jaffe, MD for this prior injury/surgery.  The remainder of this request is unknown at this time.

21.  See paragraphs numbered "17. & 18." hereinabove.

22. - 24.  Defendant's entitlement to Collateral Source information is established by CPLR Sec. 4545.  This information is evidentiary and is not properly the subject of a Bill of Particulars, but, should be a discovery request.  This information will be provided under separate cover.

25. - 26.  The plaintiff, JOSE PEREZ, is not making a claim for property damage.

27. - 28.  The marital status of the plaintiff, JOSE PEREZ, is married.  The plaintiff's wife, plaintiff, ROSA PEREZ, resides at 2386 Walton Avenue, Apt. 5-G, Bronx, New York 10468.

29. The usual services performed by the plaintiff, JOSE PEREZ, for the plaintiff, PEREZ ROSA, consisted of providing support and maintenance of the household, upkeep of children, household duties, love, comfort, companionship, society and conjugal relations. The plaintiff, ROSA PEREZ, has been deprived of the usual services performed by the plaintiff, JOSE PEREZ, intermittently from the date of this accident up to the present time, and continuing.

PLEASE TAKE NOTICE that all of the above particulars are furnished as of and to the date hereof.

Dated: March 4 , 2008.

Yours, etc.,

JACOBY & MEYERS, LLP
Attorneys for Plaintiff
Office & P.O. Address
c/o Processing Center
436 Robinson Avenue
Newburgh, New York 12550

BY: _____
DEBRA J. REISENMAN, ESQ., Of Counsel

TO:    WHITE, FLEISCHNER & FINO, LLP
       Attorneys for Defendants
       OFFICE & P.O. ADDRESS
       61 BROADWAY, 18TH FLOOR
       NY, NY  10006

- 11 -

STATE OF NEW YORK : COUNTY OF ROCKLAND              ss:

I, the undersigned, am an attorney admitted to practice in the courts
of New York State, and say that:

I am the attorney of record, or of counsel with the attorney(s) of
record, for the plaintiff.  I have read the annexed Verified Bill of
Particulars know the contents thereof and the same are true to my
knowledge, except those matters therein which are stated to be
alleged on information and belief, and as to those matters I believe
them to be true.

My belief, as to those matters therein not stated upon knowledge, is
based upon the following:

Facts and information contained in deponent's file.  The reason I
make this affirmation instead of the plaintiff is because the
plaintiff resides outside of county where deponent maintains his
office.

I affirm that the foregoing statements are true under penalties of
perjury.

Dated:  March  4  , 2008.


                                    DEBRA J. REISENMAN, ESQ., Of Counsel

STATE OF NEW YORK
COUNTY OF ORANGE                          ss:

TIFFANY A. GREEN, being duly sworn says:  I am not a party to
the action, am over 18 years of age and reside at
Central Valley, New York.

On March   5   , 2008, I served a copy of the annexed Verified
Bill of Particulars in the following manner:

By mailing same in a sealed envelope, with postage prepaid
thereon, in a post-office or official depository of the U. S.
Postal Service within the State of New York, addressed to the
last known address of the addressee(s) as indicated below:

> WHITE FLEISCHNER & FINO, LLP
> Attorneys for Defendants
> Office & P. O. Address
> 61 Broadway – 18th Floor
> New York, New York 10006

_____
TIFFANY A. GREEN

Sworn to before me on

March   5   , 2008.

_____
NOTARY PUBLIC

DANA M. BROAS
Notary Public, State Of New York
Qualified In Orange County
Registration # 01BR6092611
Commission Expires May 27, 2011

# D

EXHIBIT

# POLICE ACCIDENT REPORT (NYC)

New York State Department of Motor Vehicles

MV-104AN (7/01)

Page _1_ of _1_ Pages

Precinct **049**

Accident No. **2368**

Complaint Number

# 73028
SSR/CKL/BLR

☐ AMENDED REPORT

**VEHICLE 1**

Accident Date: Month **12** Day **27** Year **2004**   Day of Week **Mon**   Military Time **1053**   No. of Vehicles **2**   No. Injured **1**   No. Killed **0**

Not Investigated at Scene ☐   Left Scene ☐   Police Photos ☐ Yes ☒ No
Accident Reconstructed ☐

**VEHICLE 1** – Driver
License ID Number **505 910 906**   State of Lic. **NY**

☐ VEHICLE 2   ☐ BICYCLIST   ☐ PEDESTRIAN   ☐ OTHER PEDESTRIAN

**VEHICLE 2** – Driver
License ID Number **NA364479J (INT.DL)**   State of Lic.

Driver Name–exactly as printed on license **PEREZ, JOSE**

Driver Name–exactly as printed on license **Gaetano, Amore**

Address (Include Number & Street) **2400 Walton Ave**   Apt. No. **411**

Address (Include Number & Street) **45 Industrial Ave**   Apt. No.

City or Town **BRONX**   State **NY**   Zip Code **10468**

City or Town **Fairview**   State **NJ**   Zip Code **022**

Date of Birth: Month **02** Day **09** Year **1971**   Sex **M**   Unlicensed ☐   No. of Occupants **1**   Public Property Damaged ☐

Date of Birth: Month **07** Day **27** Year **1781**   Sex **M**   Unlicensed ☐   No. of Occupants **2**   Public Property Damaged ☐

Name–exactly as printed on registration **Nice & friendly Transp.**   Sex   Date of Birth: Month / Day / Year

Name–exactly as printed on registration **Freedom Rental**   Sex   Date of Birth: Month / Day / Year

Address (Include Number & Street) **234 Broadway**   Apt. No.   Haz. Mat. Code   Released ☐

Address (Include Number & Street) **1189 Teaneck Rd**   Apt. No.   Haz. Mat. Code   Released ☐

City or Town **Newburgh**   State **NY**   Zip Code **12550**

City or Town **Teaneck**   State **NJ**   Zip Code **07666**

Plate Number **40324** NY   State of Reg. **NY**   Vehicle Year & Make **98 DODGE SUBN**   Ins. Code **08**

Plate Number **KY68B**   State of Reg. **NJ**   Vehicle Year & Make   Vehicle Type **SUBN**   Ins. Code

Ticket/Arrest Number(s)

Violation(s)

Violation Section(s)

Ticket/Arrest Number(s)

Violation(s)

Violation Section(s)

**VEHICLE 1**
Check if involved vehicle is:
☐ more than 95 inches wide;
☐ more than 34 feet long;
☐ operated with an overweight permit.
☐ operated with an overdimension permit.

**VEHICLE 2**
Check if involved vehicle is:
☐ more than 95 inches wide;
☐ more than 34 feet long;
☐ operated with an overweight permit.
☐ operated with an overdimension permit.

Circle the diagram below that describes the accident, or draw your own diagram in space #9. Number the vehicles.

| Rear End | Left Turn | Right Angle | Right Turn | Head On |
| Overtaking | Left Turn | | Right Turn | Sideswipe |

ACCIDENT DIAGRAM

#4

**VEHICLE 1 DAMAGE CODES**
Box 1 - Point of Impact **3**
Box 2 - Most Damage **3**
Enter up to three more Damage Codes: **3 4 5**

**VEHICLE 2 DAMAGE CODES**
Box 1 - Point of Impact **12**
Box 2 - Most Damage **12**
Enter up to three more Damage Codes: **3 4 5**

Vehicle Towed By **N/A** To

Vehicle Towed By **N/A** To

**VEHICLE DAMAGE CODING:**
1-13. SEE DIAGRAM ON RIGHT.
14. UNDERCARRIAGE   17. DEMOLISHED
15. TRAILER   18. NO DAMAGE
16. OVERTURNED   19. OTHER

Cost of repairs to any one vehicle will be more than $1000.
☐ Unknown/Unable to Determine   ☐ Yes   ☐ No

Reference Marker   Coordinates (if available)   Latitude/Northing   Longitude/Easting

Place Where Accident Occurred: ☒ BRONX   ☐ KINGS   ☐ NEW YORK   ☐ QUEENS   ☐ RICHMOND

Road on which accident occurred **White Plains Road** (Route Number or Street Name)

at 1) intersecting street **Pelham PKWY** (Route Number or Street Name)

or 2) ☐ N ☐ S ☐ E ☐ W of _____ Feet ☐ Miles (Nearest Intersecting Route or Street Name)

Accident Description/Officer's Notes **AT T/P/O Veh#1 stated he was going ELB on Pelham PKWY when veh#2 who was going NB on White Plains Rd come out of no where causing the vehicles to collide. Veh#2 states he doesn't Remember what happened**

**ALL INVOLVED**

| | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | BY | TO | 18 | Names of all involved | Date of Death Only |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A | 2 | 1 | 4 | 1 | 02 | m | — | — | 6 | 200 | | 1053 | | PEREZ, JOSE | |
| B | | 1 | | 1 | 031 | m | | — | 6 | — | | | | Gaetano, Amore | |
| C | | | | | | | | | | | | | | | |
| D | | | | | | | | | | | | | | | |
| E | | | | | | | | | | | | | | | |

Officer's Rank and Signature **Solomon**

Tax ID No.

NCIC No. **03030**

Precinct **n/a**

Post/Sector **N**

Reviewing Officer

Date/Time Reviewed

**PERSONS KILLED OR INJURED IN ACCIDENT** (Letter designation of persons killed or injured must correspond with letter designation on front).

| A Last Name | First | M.I. | D Last Name | First | M.I. |
|---|---|---|---|---|---|
| Perez | Jose | B | | | |

Address: 2400 Walton Ave #4H BX NY 10468
Address:

Date of Birth — Month 02 Day 04 Year 70 — Telephone (Area Code) (718) 367-5666

| B Last Name | First | M.I. | E Last Name | First | M.I. |
|---|---|---|---|---|---|

Address:
Address:

Date of Birth — Month Day Year — Telephone (Area Code) ( )

Date of Birth — Month Day Year — Telephone (Area Code) ( )

| C Last Name | First | M.I. |
|---|---|---|

Address:

Date of Birth — Month Day Year — Telephone (Area Code) ( )

Highway Dist. at Scene?  ☐ Yes  ☐ No
Name:

Shield No.

**ENTER INSURANCE POLICY NUMBER FROM INSURANCE IDENTIFICATION CARD, EXPIRATION DATE (IN ALL CASES), AND VIN.**

Vehicle No. 1 CNY00012792795    Vehicle No.2

Expiration Date 10/1/05    Expiration Date Freedom Rental Inc

VIN 2B5WB35Y7UK161787    VIN

**WITNESS** (Attach separate sheet, if necessary)

Name    Address    Phone

**DUPLICATE COPY REQUIRED FOR:**

☐ Dept. of Motor Vehicles (if anyone is killed/injured)
☐ Motor Transport Division (P.D. vehicle involved)
☐ NYC Taxi & Limousine Comm. (if a Licensed taxi or limousine involved)
☐ Other City Agency (Specify)
☐ Office of Comptroller (if a City vehicle involved)
☐ Personnel Safety Unit (if a P.D. vehicle involved)
☐ Highway Unit _____

**NOTIFICATIONS:** (Enter name, address, and relationship of friend or relative notified. If aided person is unidentified, list Missing Person Squad member who was notified. In either case, give date and time of notification.)

**PROPERTY DAMAGED** (other than vehicles)    **OWNER OF PROPERTY** (include city agency, where applicable)

**IF NYPD VEHICLE IS INVOLVED:**

| Police Vehicle-Operator's First Name | Last Name | | Rank | Shield No. | Tax ID. No. | Command |
|---|---|---|---|---|---|---|

| Make of Vehicle | Year | Type of Vehicle | Plate No. | | Dept. Vehicle No. | Assigned To What Command |
|---|---|---|---|---|---|---|

Equipment in Use At Time of Accident

☐ Siren  ☐ Horn  ☐ Turret Light  ☐ 4-Way Flasher  ☐ High-Level Warning Lights  ☐ Traffic Cones  ☐ Headlights

**ACTIONS OF POLICE VEHICLE**

☐ Responding to Code Signal _____
☐ Pursuing Violator
☐ Other (Describe)
☐ Complying with Station House Directive
☐ Routine Patrol

# E

**EXHIBIT**

RUSH

**WHITE FLEISCHNER & FINO, LLP**   | 61 BROADWAY, NEW YORK, NY 10006
T212.487.9700   F212.487.9777   WWW.WFF-LAW.COM

March 10, 2008                                               7302802

Attn: County Clerk
Bronx Supreme Court
851 Grand Concourse
Bronx, New York 10451

Re:   Perez, Jose and Rosa v. Gaetano Amore, Freedom Rental, Freedom Rent A Car,
      Rosedale Dodge, Inc. and Bergen Rent A Car, LLC
      Insured: Freedom Rentals LLC
      DOL: December 27, 2004
      Our File No.: 117-13119-D-DMS/ODR
      Handling Attorneys: Daniel M. Stewart and Olivia D. Rosario

Dear Sir/Madam:

Please be advised that the above matter presently pending under Index No. 301602/07 has
been formally removed to the United States District Court, Southern District under
Federal Docket No. 08CV02375 and has been assigned to Judge Berman.   I am
enclosing a copy of the Notice of Removal for your review.

We are respectfully requesting that the matter and file be transferred to the United States
District Court, Judge Berman for further handling.

If you have any questions please do not hesitate to let me know.


Very truly yours,

WHITE FLEISCHNER & FINO, LLP

Daniel M. Stewart
dstewart@wff-law.com

DMS/afr

cc:   Steven G. Davis, Esq.
      Jacoby & Meyers, LLP
      c/o Processing Center
      436 Robinson Avenue
      Newburgh, New York 12350
      (800) 890-3090

A NEW YORK LIMITED LIABILITY PARTNERSHIP

HOLMDEL, NEW JERSEY   •   WHITE PLAINS, NEW YORK   •   GARDEN CITY, NEW YORK
PHILADELPHIA, PENNSYLVANIA   •   BOCA RATON, FLORIDA
LONDON, ENGLAND

JS 44C/SDNY
REV. 12/2005

**CIVIL COVER SHEET**

08 CV 02375

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

**PLAINTIFFS**

Jose Perez and Rosa Perez

ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Jacoby + Meyers
426 Robinson Avenue
Newburgh NY 12550

**DEFENDANTS**

Gaetano Amore, Freedom Rental

ATTORNEYS (IF KNOWN)

White Fleischner + Fino
61 Broadway, 18th Flr        MAR 07 2008
NY NY 10006 (212) 487-9700

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)

28 U.S.C. 1332 - Complete diversity of parties

Has this or a similar case been previously filed in SDNY at any time? No ☑ Yes? ☐  Judge Previously Assigned

If yes, was this case Vol ☐ Invol. ☐ Dismissed. No ☑ Yes ☐  If yes, give date _____ & Case No. _____

*(PLACE AN [x] IN ONE BOX ONLY)*  NATURE OF SUIT

**ACTIONS UNDER STATUTES**

**TORTS**

| CONTRACT | PERSONAL INJURY | PERSONAL INJURY |
|---|---|---|
| [ ] 110 INSURANCE | [ ] 310 AIRPLANE | [ ] 382 PERSONAL INJURY - MED MALPRACTICE |
| [ ] 120 MARINE | [ ] 315 AIRPLANE PRODUCT LIABILITY | [ ] 365 PERSONAL INJURY PRODUCT LIABILITY |
| [ ] 130 MILLER ACT | [ ] 320 ASSAULT, LIBEL & SLANDER | [ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY |
| [ ] 140 NEGOTIABLE INSTRUMENT | [ ] 330 FEDERAL EMPLOYERS' LIABILITY | |
| [ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT | [ ] 340 MARINE | PERSONAL PROPERTY |
| [ ] 151 MEDICARE ACT | [ ] 345 MARINE PRODUCT LIABILITY | [ ] 370 OTHER FRAUD |
| [ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS) | [X] 350 MOTOR VEHICLE | [ ] 371 TRUTH IN LENDING |
| | [ ] 355 MOTOR VEHICLE PRODUCT LIABILITY | [ ] 380 OTHER PERSONAL PROPERTY DAMAGE |
| [ ] 153 RECOVERY OF OVERPAYMENT OF VETERANS BENEFITS | [ ] 360 OTHER PERSONAL INJURY | [ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY |
| [ ] 160 STOCKHOLDERS SUITS | | |
| [ ] 190 OTHER CONTRACT | | |
| [ ] 195 CONTRACT PRODUCT LIABILITY | | |
| [ ] 196 FRANCHISE | | |

**FORFEITURE/PENALTY**

[ ] 610 AGRICULTURE
[ ] 620 FOOD & DRUG
[ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
[ ] 630 LIQUOR LAWS
[ ] 640 RR & TRUCK
[ ] 650 AIRLINE REGS
[ ] 660 OCCUPATIONAL SAFETY/HEALTH
[ ] 690 OTHER

**BANKRUPTCY**

[ ] 422 APPEAL 28 USC 158
[ ] 423 WITHDRAWAL 28 USC 157

**PROPERTY RIGHTS**

[ ] 820 COPYRIGHTS
[ ] 830 PATENT
[ ] 840 TRADEMARK

**LABOR**

[ ] 710 FAIR LABOR STANDARDS ACT
[ ] 720 LABOR/MGMT RELATIONS
[ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT
[ ] 740 RAILWAY LABOR ACT
[ ] 790 OTHER LABOR LITIGATION
[ ] 791 EMPL RET INC SECURITY ACT

**SOCIAL SECURITY**

[ ] 861 HIA (1395FF)
[ ] 862 BLACK LUNG (923)
[ ] 863 DIWC (405(g))
[ ] 863 DIWW (405(g))
[ ] 864 SSID TITLE XVI
[ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**

[ ] 870 TAXES
[ ] 871 IRS-THIRD PARTY 20 USC 7609

**OTHER STATUTES**

[ ] 400 STATE REAPPORTIONMENT
[ ] 410 ANTITRUST
[ ] 430 BANKS & BANKING
[ ] 450 COMMERCE/ICC RATES/ETC
[ ] 460 DEPORTATION
[ ] 470 RACKETEER INFLU-ENCED & CORRUPT ORGANIZATION ACT (RICO)
[ ] 480 CONSUMER CREDIT
[ ] 490 CABLE/SATELLITE TV
[ ] 810 SELECTIVE SERVICE
[ ] 850 SECURITIES/COMMODITIES/EXCHANGE
[ ] 875 CUSTOMER CHALLENGE 12 USC 3410
[ ] 891 AGRICULTURE ACTS
[ ] 892 ECONOMIC STABILIZATION ACT
[ ] 893 ENVIRONMENTAL MATTERS
[ ] 894 ENERGY ALLOCATION ACT
[ ] 895 FREEDOM OF INFORMATION ACT
[ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
[ ] 950 CONSTITUTIONALITY OF STATE STATUTES
[ ] 890 OTHER STATUTORY ACTIONS

**REAL PROPERTY**

[ ] 210 LAND CONDEMNATION
[ ] 220 FORECLOSURE
[ ] 230 RENT LEASE & EJECTMENT
[ ] 240 TORTS TO LAND
[ ] 246 TORT PRODUCT LIABILITY
[ ] 290 ALL OTHER REAL PROPERTY

**ACTIONS UNDER STATUTES**

**CIVIL RIGHTS**

[ ] 441 VOTING
[ ] 442 EMPLOYMENT
[ ] 443 HOUSING ACCOMMODATIONS
[ ] 444 WELFARE
[ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
[ ] 448 AMERICANS WITH DISABILITIES -OTHER
[ ] 440 OTHER CIVIL RIGHTS

**PRISONER PETITIONS**

[ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255
[ ] 530 HABEAS CORPUS
[ ] 535 DEATH PENALTY
[ ] 540 MANDAMUS & OTHER
[ ] 550 CIVIL RIGHTS
[ ] 555 PRISON CONDITION

*Check if demanded in complaint:*

CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $3,000,000.00 OTHER _____

*Check YES only if demanded in complaint*
JURY DEMAND: ☐ YES ☑ NO

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.? IF SO, STATE:

JUDGE _____  DOCKET NUMBER _____

NOTE:  Please submit at the time of filing an explanation of why cases are deemed related.

(SEE REVERSE)

(PLACE AN x IN ONE BOX ONLY)                                    ORIGIN

☐ 1 Original    ☑ 2a. Removed from  ☐ 3 Remanded from  ☐ 4 Reinstated or  ☐ 5 Transferred from  ☐ 6 Multidistrict  ☐ 7 Appeal to District
Proceeding         State Court          Appellate Court      Reopened         (Specify District)      Litigation         Judge from
              ☐ 2b. Removed from State Court                                                                          Magistrate Judge
                    AND at least one party is a pro se litigant                                                       Judgment

(PLACE AN x IN ONE BOX ONLY)        BASIS OF JURISDICTION              IF DIVERSITY, INDICATE
                                                                       CITIZENSHIP BELOW.
☐ 1 U.S. PLAINTIFF  ☐ 2 U.S. DEFENDANT  ☐ 3 FEDERAL QUESTION  ☐ 4 DIVERSITY   (28 USC 1332, 1441)
                                         (U.S. NOT A PARTY)

CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

|  | PTF | DEF |  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [X]1 | [ ]1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ]3 | [ ]3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ]5 | [X]5 |
| CITIZEN OF ANOTHER STATE | [ ]2 | [X]2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ]4 | [ ]4 | FOREIGN NATION | [ ]6 | [ ]6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

Rosa and Jose Perez
2886 Walton Avenue
Bronx NY

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

Andre Gaetano                          Rosedale Dodge Inc.
43 Industrial Avenue                   2755 Long Lake Road
Fairview NJ 07088                      Roseville, Minnesota 55213

Freedom Rental                         Bergen Rent A Car LLC
1187 Teaneck Road                      1187 Teaneck Road
Teaneck NJ 07666                       Teaneck NJ 07666

DEFENDANT(S) ADDRESS UNKNOWN
    REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE
RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Check one:  THIS ACTION SHOULD BE ASSIGNED TO:  ☐ WHITE PLAINS   ☑ FOLEY SQUARE
            (DO NOT check either box if this a PRISONER PETITION.)

DATE 2/29/08   SIGNATURE OF ATTORNEY OF RECORD    ADMITTED TO PRACTICE IN THIS DISTRICT
                                                  [ ] NO
RECEIPT #                                         [X] YES (DATE ADMITTED Mo. 10  Yr. 97 )
                                                  Attorney Bar Code #

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

J Michael McMahon, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

Judgment

11-5019-D-DMS/ODR
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

08 CV 02375

------------------------------------------------------X

JOSE PEREZ AND ROSA PEREZ,

                            Plaintiffs,                              Index No.:

        -against-                                           **RULE 7.1 STATEMENT**

GAETANO AMORE, FREEDOM RENTAL, FREEDOM
RENT A CAR, ROSEDALE DODGE, INC. and
BERGEN RENT A CAR, LLC,

                            Defendants.



------------------------------------------------------X

        Defendants, GAETANO AMORE, FREEDOM RENTAL, d/b/a FREEDOM RENT

A CAR, ROSEDALE DODGE, INC., and BERGEN RENT A CAR, LLC, by their attorneys,

WHITE, FLEISCHNER & FINO, LLP, as and for his Rule 7.1 Statement hereby states as

follows:

        1.        Upon information and belief, Freedom Rental d/b/a Freedom Rent A Car is a

New Jersey business with its principal place of business in the State of New Jersey.

        2.        Upon information and belief Rosedale Dodge, Inc., is a Minnesota corporation

with its principal place of business in the State of Minnesota.

        3.        Upon information and belief defendant Bergen Rent A Car, LLC. is a

New Jersey corporation with its principal place of business in the state of New Jersey.

        4.        Upon information and belief defendant ANDRE GAETANO resides at 43

Industrial Avenue, Fairview, New Jersey 07022.

        5.        Freedom Rental, d/b/a Freedom Rent A Car, Rosedale Dodge, Inc., and

Bergen Rent A Car, LLC are not owned by a parent corporation.  There is no publicly held

117-13119-D-DMS/ODR
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————X

JOSE PEREZ AND ROSA PEREZ,

                Plaintiffs,                Index No.:

          -against-              **RULE 7.1 STATEMENT**

GAETANO AMORE, FREEDOM RENTAL, FREEDOM
RENT A CAR, ROSEDALE DODGE, INC. and
BERGEN RENT A CAR, LLC,

                Defendants.

———————————————————————X

    Defendants, GAETANO AMORE, FREEDOM RENTAL, d/b/a FREEDOM RENT

A CAR, ROSEDALE DODGE, INC., and BERGEN RENT A CAR, LLC, by their attorneys,

WHITE, FLEISCHNER & FINO, LLP, as and for his Rule 7.1 Statement hereby states as

follows:

    1.     Upon information and belief, Freedom Rental d/b/a Freedom Rent A Car is a

New Jersey business with its principal place of business in the State of New Jersey.

    2.     Upon information and belief Rosedale Dodge, Inc., is a Minnesota corporation

with its principal place of business in the State of Minnesota.

    3.     Upon information and belief defendant Bergen Rent A Car, LLC. is a

New Jersey corporation with its principal place of business in the state of New Jersey.

    4.     Upon information and belief defendant ANDRE GAETANO resides at 43

Industrial Avenue, Fairview, New Jersey 07022.

    5.     Freedom Rental, d/b/a Freedom Rent A Car, Rosedale Dodge, Inc., and

Bergen Rent A Car, LLC are not owned by a parent corporation. There is no publicly held

corporation that owns 10% or more stocks of Freedom Rental, d/b/a Freedom Rent A Car, Rosedale Dodge, Inc., and Bergen Rent A Car, LLC, upon information and belief.

Dated: New York, New York
      March 4, 2008

                            Yours, etc.,

                            WHITE FLEISCHNER & FINO, LLP

                            By:

                            Daniel M. Stewart (DMS 7989)
                            Attorneys for Defendants
                            61 Broadway, 18th Floor
                            New York, New York 10006
                            (212) 487-9700
                            Our File No.: 117-13119-D-DMS/ODR

TO:    (See Attached Affidavit)

Case 1:08-cv-02375-RMB Document 1-53 Filed 03/07/2008 Page 60 of 83

*Judge Berman*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**08 CV x 02375**

JOSE PEREZ AND ROSA PEREZ,

                          Plaintiffs,              Index No.:

          -against-              **NOTICE OF REMOVAL**

GAETANO AMORE, FREEDOM RENTAL, FREEDOM
RENT A CAR, ROSEDALE DODGE, INC. and
BERGEN RENT A CAR, LLC,

                        Defendants.



RECEIVED
MAR 07 2008
U.S.D.C. S.D. N.Y.
CASHIERS

    **TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
    FOR THE SOUTHERN DISTRICT OF NEW YORK**

    The Petitioners, GAETANO AMORE, FREEDOM RENTAL, FREEDOM RENT A

CAR, ROSEDALE DODGE, INC. and BERGEN RENT A CAR, LLC, defendants in the

above-captioned action, by their attorneys, WHITE FLEISCHNER & FINO LLP,

respectfully shows the Court:

    1.    This petitioners are defendants in the instant action.

    2.    The action was commenced by service of a Summons and Verified Complaint

in the Supreme Court, State of New York, County of Bronx on or about October 9, 2007. *(A*

*copy of said Summons and Verified Complaint is attached hereto as "Exhibit A")*

    3.    Concurrent with its Answer, the petitioner served a Demand for Relief on or

about June 2, 2007. Plaintiff served its Response to Demand for Relief on or about February

12, 2008. Which was received by the undersigned on February 18, 2008*(Copies of said*

*Demand for Relief and Response to Demand for Relief are attached hereto as "Exhibit B")*

4.    The plaintiff in the above-captioned action allegedly personal injuries as a result of an accident involving a forklift and occurring on or about December 27, 2004 on White Plains road at or near its intersection with Pelham Parkway, Bronx County, New York.

5.    This Court has original jurisdiction of this civil action pursuant to 28 U.S.C. 1332 because there is complete diversity in the matter and the amount exceeds the sum of $75,000.00 exclusive of interest and costs.

6.    The defendant ANDRE GAETANO resides at 43 Industrial Avenue, Fairview, New Jersey 07022.

7.    The defendant FREEDOM RENTAL d/b/a FREEDOM RENT A CAR is a New Jersey corporation with its principal place of business in the State of New Jersey.

8.    Upon information and belief, plaintiffs JOSE PEREZ and ROSA PEREZ are and were at the time of the commencement of this action, citizens of the State of New York.

9.    Upon information and belief, defendant ROSEDALE DODGE, INC., is a Minnesota corporation with its principal place of business in the State of Minnesota.

10.    Upon information and belief defendant BERGEN RENT A CAR, LLC., is a New Jersey corporation with its principal place of business in the state of New Jersey.

11.    The underlying controversy and every genuine issue of law and fact herein is wholly between a citizen of the State of New York and citizens of a state or territory other than New York.


WHEREFORE, petitioner prays that the instant action now pending before the Supreme Court in the State of New York, County of Bronx, be removed there from to the

United States District Court of the Southern District of New York, and for such other and

further relief as is just and proper.

Dated: New York, New York
      March 4, 2008

                                    Yours, etc.,

                                    WHITE FLEISCHNER & FINO, LLP

                                    By:

                                      Daniel M. Stewart (DMS 7989)
                                    Attorneys for Defendants
                                    61 Broadway, 18th Floor
                                    New York, New York 10006
                                    (212) 487-9700
                                    Our File No.: 117-13119-D-DMS/ODR

TO:     (See Attached Affidavit)



**EXHIBIT**

FROM :Roz Silverstein & Assoc     FAX NO. :7185755704     Apr. 18 2008 03:31PM P5

73028

## NEW YORK SUPREME COURT - COUNTY OF BRONX
### PART 4

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF THE BRONX

---------------------------------------------------x

JOSE PEREZ and ROSA PEREZ,

                Plaintiffs,

    -against-

GAETANO AMORE, FREEDOM RENTAL, FREEDOM
RENT A CAR, ROSEDALE DODGE, INC. and
BERGEN RENT A CAR, L.L.C.,

                Defendants.

---------------------------------------------------x

Index No.: 301602/07

### DECISION/ORDER

Present:

Hon. Howard H. Sherman
          Justice

**RECEIVED**
BRONX COUNTY CLERK'S OFFICE

APR 1 4 2008

| Case Disposed | ☐ |
| Settle Order | ☐ |
| Schedule Appearance | ☐ |

The following papers numbered 1 read on this motion the second time noticed on February 29, 2008 and duly submitted on the Motion Calendar of the  **NO FEE** ☐

|  | PAPERS NUMBERED |  |
|---|---|---|
| Notice of Motion- Exhibits [A-F] and Affidavits Annexed | 1 |  |

    Upon the foregoing papers this motion by plaintiffs for an order extending the time in which to serve defendant Gaetano Amore pursuant to CPLR § 306-b and for an order pursuant to CPLR § 308(5) directing the manner of service fo the summons and complaint upon defendant Amore, submitted without opposition, is granted as set forth below.

    Plaintiff Jose Perez is seeking damages for personal injuries allegedly sustained in a motor vehicle accident that occurred on December 27, 2004 on White Plains Road and Pelham Parkway in Bronx County. [Plaintiff Rosa Perez interposes a derivative claim]. Jose Perez was the driver of one automobile and Gaetano Amore was the other driver in the two-car collision.

    This action was commenced in October 2007 and issue was joined with service of defendants' answer in January 2008. Among the fourteen affirmative defenses raised was lack of personal jurisdiction.

    Plaintiff's motion seeks an extension of time in which to serve the individual defendant as attempts to effect service upon him at the address designated on the police

report (MV-104) of the accident, have proven unsuccessful. Plaintiffs seek leave to serve the defendant through either his attorney or the insurer of the motor vehicle.

The moving papers establish reasonably diligent efforts to make timely service as defendant at the address on the police report, with both the USPS check and the process server's actual attempt revealed that defendant was unknown at the industrial location. Accordingly, plaintiffs have shown sufficient good cause for relief pursuant to CPLR § 306-b.

In addition, plaintiffs have established a basis for resort to CPLR 308(5) service at the only address provided by the defendant driver, appears unavailing. It is to be noted that the motor vehicle defendant was driving at the time of the accident appears to have had a "DPL" license plate.

Accordingly, it is

ORDERED that the plaintiffs' motion be and hereby is granted in its entirety and it is

FURTHER ORDERED that upon good cause shown and there being no opposition thereto, that the time in which to serve the defendant GAETANO AMORE be and hereby is extended for a period of thirty (30) days from the date of this order and it is

FURTHER ORDERED that sufficient cause appearing, and no opposition thereto, personal service upon White, Fleischner & Fino, LLP, 61 Broadway, 18th floor, New York, New York 10006 on or before thirty (30) days from the date of this order be deemed good and sufficient service.

This constitutes the decision and order of this court.

Dated: April 3, 2008
Bronx, New York

Hon. Howard H. Sherman
J.S.C.

RECEIVED
BRONX COUNTY CLERK'S OFFICE

APR 14 2008

PAID ☐ — NO FEE ☐



**EXHIBIT**

WHITE FLEISCHNER & FINO, LLP

61 BROADWAY, NEW YORK, NY 10006
T 212.487.9700   F 212.487.9777   WWW.WFF-LAW.COM

April 28, 2008

**VIA ELECTRONIC FILING**

Hon. Richard M. Berman
United States Courthouse
500 Pearl Street
New York, New York 10007

Re:    Perez, Jose and Rosa v. Gaetano Amore, Freedom Rental, Freedom Rent A Car, Rosedale
       Dodge, Inc. and Bergen Rent A Car, LLC
       Insured: Freedom Rentals LLC
       Index No.: 08-CV-2375 (RMB)
       Our File No.: 117-13119-D-DMS/ODR
       Handling Attorneys: Daniel M. Stewart

Honorable Sir:

This office represents all defendants in this matter. We have only partial opposition to plaintiff's
Motion to Extend Time to serve the defendant-lessee Gaetano Amore.

This office represents Freedom Rental, Freedom Rent A Car, Rosedale Dodge, Inc. and Bergen
Rent A Car, LLC pursuant to a contract of insurance. As co-defendant Amore simply rented a
vehicle from Freedom Rent A Car, under the provisions of 49 USC 30106, that policy of
insurance is also required to defend Amore only up to the minimum financial limits of the policy
as defined by New Jersey State law.

This office is in no better position to locate Mr. Amore than plaintiff's counsel. The only records
of Mr. Amore's whereabouts are his name and drivers' license number, the same information
available to plaintiff. Service upon this office is no more likely to result in notification to Mr.
Amore than any of the attempts put forth by plaintiff. As such, defendants oppose that portion of
plaintiff's application seeking to satisfy service on Mr. Amore via service on our office.

A NEW YORK LIMITED LIABILITY PARTNERSHIP

HOLMDEL, NEW JERSEY    •    WHITE PLAINS, NEW YORK    •    GARDEN CITY, NEW YORK
PHILADELPHIA, PENNSYLVANIA    •    BOCA RATON, FLORIDA
LONDON, ENGLAND

We will appear as scheduled tomorrow morning, April 29, 2008, at 9:15A.M.

Very truly yours,

WHITE FLEISCHNER & FINO, LLP

*Daniel M. Stewart*

Daniel M. Stewart (DS 7989)
dstewart@wff-law.com

DMS/jhr
cc:

**Via Facsimile (845) 562-3492**
Eleanor L. Polimeni, Esq.
JACOBY & MEYERS, LLP
c/o Processing Center
436 Robinson Avenue
Newburgh, New York 12350



EXHIBIT

# Jacoby & Meyers LLP

Gail Kott, P.C., Founding Partner (NY)
Andrew G. Finkelstein, P.C. (NY & NJ)
Joel S. Finkelstein, P.C. (NY, NJ, MA & FL)
Kenneth L. Olvan, P.C. (NY)
Steven G. Davis (NY & PA)
Michael Feldman (NY & NJ)
Michael Finkelstein (NY)
Cynthia M. Maurer (NY & NJ)

Raye D. Futerfas (NJ)
Kenneth Cohen (NJ)
Joel A. Rieback (NY & Israel)

Linda Armeti-Epstein (NY)
John F. Dowd (NY & CT)
David Akisto (NY)
Frances M. Bova (NY & NJ)
Mark B. Hudoba (NY)
Kenneth G. Barfort (CT & NJ)
Gustavo W. Alzugaray (NY & NJ)
Robert E. Borrero (NY)
Marc S. Becker (NY)

Of Counsel
George M. Levy (NY)
Ronald Rosenkranz (NY)
Steven H. Cohen (NY)
Francis J. Navarra (NY)
Andrew J. Genna, LLM (NY & PA)
Thomas C. Yatto (NY)
Kenneth B. Fromson (NY, NJ & PA)
Joel Bossom (NY)
Steven P. Shultz (NY & MA)
Nancy Y. Morgan (NY, NJ & PA)

Steven Lim (NY)
Duncan W. Clark (NY)
Robert J. Camera (NY & NJ)
George A. Kohl, 2nd (NY & MA)
Terry D. Horner (NY)
Andrew L. Spitz (NY)
James W. Shuttleworth, III (NY)
Lawrence D. Lissauer (NY)
Julio E. Urrutia (NY)
Victoria Lieb Lightcap (NY & MA)
Thomas J. Prond (NY)

Edward M. Steves (NY)
Christopher T. Milliman (NY)
Silvia Fermanian (NY)
Ann R. Johnson (NY & CT)
Kristine M. Cahill (NY & CT)
Kara L. Campbell (NY & CT)
Mario M. DaSaint (NY)
Melody A. Gregory (NY & CT)
David E. Gross (NY & NJ)
Elizabeth A. Wolff (NY & MA)

(800) 890-3090
Fax: (845) 562-3492
www.lmlawyer.com
REFER TO OUR FILE #: 73028-02/db

September 26, 2007

    Postmaster:
    Fairview, New Jersey  07022

    Please furnish the new address or the name and street address
(if a boxholder) for the following:

    GAETANO AMORE
    43 Industrial Avenue
    Fairview, New Jersey  07022

1.  Capacity of requestor (e.g., process server, attorney, party
representing himself)  Attorneys - Finkelstein & Partners, LLP
2.  Statute or regulation that empowers me to serve process (not required
when requester is an attorney or a party action pro se - except a
corporation action pro se must cite statute)
3.  The names of all known parties to the litigation: Perez v. Amore, et
al.
The court in which the case has been or will be heard: Supreme Court,
Bronx County.
5.  The docket or other identifying number if one has been issued: An
index number has not been issued.
6.  The capacity in which the individual is to be served (e.g. defendant
or witness): Defendant
I certify that the above information is true and that the address
information is needed and will be used solely for service of legal process
in connection with actual or prospective litigation.

_Jacoby & Meyers/db_

JACOBY & MEYERS, LLP

      C/O Processing Center
      436 Robinson Avenue
      Newburgh, NY  12550

------------------------------------------------------------

____ Good as addressed        File #73028-02/db
__✓_ Not known at address given
____ Moved, left no forwarding address
____ No such address
____ No change of address order on file
____ NEW ADDRESS OR BOXHOLDER'S NAME AND STREET ADDRESS:
_____



Manhattan • Garden City • Kingston • Newark • Newburgh • Spring Valley
222 BROADWAY, 18th FLOOR
NEW YORK, NY 10038

436 ROBINSON AVENUE
NEWBURGH, NY 12550
_Please Send All Correspondence to the Address Indicated Above_

50 PARK PLACE, 10th FLOOR
NEWARK, NJ 07102

73028-02



| People | Businesses | Assets | Licenses | Phones | Courts |

| Last Name | First Name | Middle Name | SSN | | R |
|-----------|-----------|-------------|-----|---|---|
| GAETANO | AMORE | | | | 7: |

| Street Address | City | State | Zip | County | Radius |
|----------------|------|-------|-----|--------|--------|
| | FAIRVIEW | NJ | | | |

| Phone | DOB | Age Range |
|-------|-----|-----------|
| | | - |

· Search for other possible name spellings  ¨ Include Bankruptcies  (Click For Prices)

Output Type:  ⊙ Formatted HTML  ○ Cut and Paste / Printer Friendly Text (No Reports)

Important: The Public Records and commercially available data sources used in this system have errors. Data is sometimes entered poorly, processed incorrectly and is generally not free from defect. This system should not be relied upon as definitively accurate. Before relying on any data this system supplies, it should be independently verified. For Secretary of State documents, the following data is for information purposes only and is not an official record. Certified copies may be obtained from that individual state's Department of State

**No records found.**

24/7 Search and Technical Assistance  1.800.543.6862



| Last Name | First Name | Middle Name | | SSN | | | |
|-----------|-----------|-------------|--|-----|--|--|--|
| GAETANO | AMORE | | | | | | R |
| Street Address | City | State | Zip | County | Radius | | 7: |
| | | NJ | | | | | |
| Phone | DOB | Age Range | | | | | |

☐  Search for other possible name spellings    ☐  Include Bankruptcies  (Click For Prices)

Output Type:    ⦿ Formatted HTML    ○ Cut and Paste / Printer Friendly Text (No Reports)

Important: The Public Records and commercially available data sources used in this system have errors. Data is sometimes entered poorly, processed incorrectly and is generally not free from defect. This system should not be relied upon as definitively accurate. Before relying on any data this system supplies, it should be independently verified. For Secretary of State documents, the following data is for information purposes only and is not an official record. Certified copies may be obtained from that individual state's Department of State.

**No records found.**

## AFFIDAVIT OF ATTEMPTED SERVICE

*73028-02*

STATE OF NEW YORK                    COUNTY OF BRONX
*******************************************************
JOSE PEREZ and ROSA PEREZ,
                                              *
                                              *
                vs.                           *        Index No: __301602/07__
                                              *        Filed On: __10/09/07__
GAETANO AMORE, FREEDOM RENTAL, et al.,        *
*******************************************************

STATE OF NEW JERSEY
                          SS:
COUNTY OF PASSIAC


_____ PETER FELDMAN _____, the undersigned am and was on the dates herein mentioned, over

the age of eighteen years, a resident of the State of New Jersey and not a party to this action. I received the within

SUMMONS AND COMPLAINT

for service on __GAETANO AMORE_____ and that after due search,

careful inquiry and diligent attempts at the [ ] Dwelling House [ ] Usual Place of Abode [X] Place of Business,

I have been unable to make delivery of said process on the within named defendant/witness.


I further state that I attempted to serve the within process on the following dates and times indicated:


| Date | Time | Place |
|------|------|-------|
| 1/30/08 | 9:00AM | 43 INDUSTRIAL AVE., FAIRVIEW, NEW JERSEY |
| | | |
| | | |


PROCESS IS BEING RETURNED WITHOUT SERVICE FOR THE FOLLOWING REASONS:

DEPONENT ATTEMPTED SERVICE AT GIVEN ADDRESS AND UPON ARRIVAL FOUND SAID ADDRESS

TO BE A COMPANY CALLED "EPI COMPANY." DEPONENT SPOKE TO WORKERS AT EPI COMPANY

WHO INFORMED HIM THAT THE DEFENDANT WAS NOT KNOWN TO THEM. DEPONENT SPOKE TO

NEIGHBORS AND NO INFORMATION WAS OBTAINED. NO LOCAL LISTINGS WERE FOUND.

Sworn to before me on this

1ST day of FEBRUARY, 2008            **NADINE PASERCHIA**
                                     **NOTARY PUBLIC OF NEW JERSEY**
                                     Commission Expires 12/27/2009

                                     _____
                                     PETER FELDMAN · 797824

# I

**EXHIBIT**

# dante

THIS BUSINESS IS LICENSED BY THE NEW YORK STATE
DEPT. OF STATE, DIVISION OF LICENSING SERVICES

**DANTE INVESTIGATORS**

**MAILING ADDRESS:**
605 SADDLE RIVER RD., STE. 165
FAIR LAWN, NJ 07410
TOLL FREE: (800) 346-8242
FAX: (800) 825-8276

**CORPORATE ADDRESS:**
295 GREENWICH ST., STE. 284
NEW YORK, NY 10007
TEL: (212) 747-1510

**RANDY LIEBMANN**
PRESIDENT

LICENSED & BONDED
NEW YORK, NEW JERSEY

April 09, 2008

Finkelstein & Partners LLP
Att: Eleanor POLIMENI, Esq.
436 Robinson Ave., @ I-84
Newburgh, NY 12550

ORIGINAL!!

Re: PEREZ, Jose
        Dante #: 032708 F&P
        F&P #: 73028-02

**INVOICE**
FED ID#: 13-3613141

**REMIT PAYMENT:** Dante Investigators, # 165,
                605 Saddle River Rd., Fair Lawn, NJ 07410

Professional Service.................................................................$  635.00*

NYS Sales Tax......(.08375%)..................................................$ - 53.18

Expenses................................................................................$  62.00+

| | | |
|---|---|---|
| **Total** | **$** | 750.43 |
| Retainer | - | 750.00 |
| **Balance** | **$** | z-e-r-o |

- ATTMPT LOCATE D-DRIVER
+ databases-DMV-DOCs-phone-fax

# C O M M I T M E N T    T O    E X C E L L E N C E

Established in 1964

# dante

## THIS BUSINESS IS LICENSED BY THE NEW YORK STATE DEPT. OF STATE, DIVISION OF LICENSING SERVICES

**DANTE INVESTIGATORS**

**MAILING ADDRESS:**
605 SADDLE RIVER RD., STE. 165
FAIR LAWN, NJ 07410
TOLL FREE: (800) 346-8242
FAX: (800) 825-8276

CORPORATE ADDRESS:
295 GREENWICH ST., STE. 284
NEW YORK, NY 10007
TEL: (212) 747-1510

**RANDY LIEBMANN**
PRESIDENT

LICENSED & BONDED
NEW YORK, NEW JERSEY

April 09, 2008

Finkelstein & Partners LLP
Att: Eleanor POLIMENI, Esq.
436 Robinson Ave., @ I-84
Newburgh, NY 12550

Re: PEREZ, Jose
Dante #: 032708 F&P
F&P #: 73028-02

Dear Ms. Polimeni:

Pursuant to instructions we provided PRE-trial assistance.

ASSIGNMENT: We were to locate the defendant rental vehicle operator with reference to the 12-2004 MV accident in the Bronx.

BACKGROUND: The date-time of accident was on 12-27-2004 (Mo) about 1053 AM. The location was at-near the intersection of White Plains Road and Pelham Parkway. The claimant operated the host vehicle (1993 Dodge suburban) east on Pelham Parkway. The defendant vehicle (suburban) headed north on White Plains Road. The operator apparently was distracted and cut off the host vehicle. The host vehicle front passenger bumper T-boned the defendant vehicle front driver fender. The defendant vehicle was a rental. The operator whereabouts is unknown. The police report reflects an international driver license. The address for him (as listed on same) proved to be for a warehouse in an industrial area in Bergen County (NJ).

# C O M M I T M E N T   T O   E X C E L L E N C E

Established in 1964

Re: PEREZ, Jose
Dante #: 032708 F&P
F&P #: 73028-02
Page 2/

D-DRIVER - GAETANO AMORE

-BIO/PEDIGREE data: His legal name is listed as Gaetano AMORE. His date of birth is 3-11-1973. His last known address is 43 Industrial Ave., Fairview, NJ 07022. He has an international driver license # of NA3644679J.

LOCATION ATTEMPT: We pursued the d-driver. We searched using his given name and variations. There was NO record found for him in any databases. Such include nationwide, state and local public and private databases. We searched DMV, SS#, criminal, prison, litigation, immigration. Also, we contacted local, state and Federal police agencies. NONE had any record for the subject. Also, we contacted the d-vehicle rental company and canvassed the shared and adjoining warehouses.

-RENTAL AGENCY: The rental company knew of the claimant and accident. They advised that the claimant was a repeat customer. He rented a van for transport and sale of leather clothing and goods. He always paid in cash. The rental company since was sold but some of the same personnel work there. The rental records for the d-vehicle were long destroyed.

-LANDLORDs: We developed the current and former landlords at the 43 Industrial Ave address. The current landlord took possession AFTER the subject accident. The FORMER landlord confirms that he rented the storage warehouse to men of Italian descent. It was a cash deal on a month-to-month verbal lease. The tenant was an importer of leather clothing and goods from Italy. The space was used for storage of same. The landlord remembered company names including NAPLES and-or STILE ITALIANO. The contact persons were GIUSEPPE and LUIGI. The approximate dates are 2004-2005. They left without any notice. They still owe the former landlord $5K for two+ months back rent.

Re: PEREZ, Jose
Dante #: 032708 F&P
F&P #: 73028-02
Page 3/

- TENANTS: We identified the tenant companies and principals. The corporate entity names are NAPLES ENTERPRISES, INC., and STILE ITALIANO IMPORTS, INC. The corporate principals of same are Guiseppe ALFANO and Luigi SENO, respectively. We attempted but were not able to track them. They were there less than one year.

-CANVASS: We conducted a limited canvass from among shared space and neighboring warehouse tenants. A tenant in a neighboring warehouse advises that a Federal or State government agency seized all the leather clothing and goods from the warehouse. He did not know which governmental agency was involved. A sign was posted on the front door advising of same. Local police confirm some type of action there (6-2005) but did not know any of the specifics. We were referred to the BERGEN COUNTY PROSECUTORs OFFICE which refused to provide any data.

-POST OFFICE: The postal carrier for the delivery route confirms BOTH entities being there a short time and long gone. He advised that same appeared to be a "shady operation". He always observed Italian clothing and large sums of cash on the table when he delivered mail there. No one there would give their names or sign for any mail deliveries. They companies and personnel disappeared without any trace. There was no forwarding addresses listed. Any mail was returned to the sender.

FOOTNOTE: We apprised YOUR office of the search status. We since halted our pursuit of the subject D-driver as per (EMAIL) directive from YOUR office. We close our file accordingly.

Very truly yours,

Randy Liebmann

RL: me
Enc.

NYS DMV
3-31-2008
DRIVER HISTORY SEARCH:


SEARCH ARGUMENT: AMORE, GAETANO
RESULT: NO RECORD FOUND.



# New Jersey State Business Gateway Service
**Corporate and Business Information Reporting**

## Business Entity Status Report

Printing Instructions: Open your Browser's Page Setup menu and set your page margins to 0.25". Use your Browser's Print option to print the report as seen on screen.

Saving Instructions: Save this file to your hard drive for later viewing by using the Browser's "Save As" function.

All available information is displayed.

---

**Status Report For: NAPLES ENTERPRISES, INC.**

| | |
|---|---|
| **Business Name: NAPLES ENTERPRISES, INC.** | **Report Date: 03/28/2008** |
| **Business ID Number: 0100904002** | **Transaction Number: Sequence: 1280709: 1** |

---

**Business Type: DOMESTIC PROFIT CORPORATION**

**Status: REVOKED FOR NOT FILING ANNUAL REPORT FOR 2 CONSECUTIVE YEARS**

---

| | |
|---|---|
| **Filing Date: 05/12/2003** | **Home Jurisdiction: NJ** |
| **Status Change Date:** | **Stock Amount: 200** |
| **DOR Suspension Start Date: 12/16/2006** | **DOR Suspension End Date:** |
| **Tax Suspension Start Date:** | **Tax Suspension End Date:** |
| **Annual Report Month: 5** | |
| **Last Annual Report Filed:** | |
| **For Last Annual Report Paid Year:** | |

---

**Incorporator: LENORE K HODES**

**Agent: GIUSEPPE ALFANO**

**Agent Address: 43 INDUSTRIAL AVE**

**FAIRVIEW, NJ 07022**

**Office Address Status: Undeliverable**

**Main Business Address: 43 INDUSTRIAL AVE**

**FAIRVIEW, NJ 07022**

**Principal Business Address:**

---

**Associated Names**

| **Name:** | **Type Description:** |
|---|---|

---

**Officers/Directors/Members: Not Available**

[ Exit ]    [ Return to Main List ]

New Jersey State Business Gateway Service
Corporate and Business Information Reporting
Business Entity Status Report

Status Report For: NAPLES ENTERPRISES, INC.
Business Name:    NAPLES ENTERPRISES, INC.
Report Date:  03/28/2008
Business ID Number:    0100904002
Transaction Number: Sequence: 1280709: 1
Business Type:    DOMESTIC PROFIT CORPORATION
Status:    REVOKED
Reason: NOT FILING ANNUAL REPORT FOR 2 CONSECUTIVE YEARS
 Filing Date:    05/12/2003 Home Jurisdiction: NJ
Status Change Date:    Stock Amount:    200
DOR Suspension Start Date: 12/16/2006
DOR Suspension End Date:
Tax Suspension Start Date:    Tax Suspension End Date:

Annual Report Month:    5
Last Annual Report Filed:
For Last Annual Report Paid Year:
Incorporator: LENORE K HODES
Agent:    GIUSEPPE ALFANO
Agent Address:    43 INDUSTRIAL AVE., FAIRVIEW, NJ 07022
Office Address Status: Undeliverable
Main Business Address: 43 INDUSTRIAL AVE., FAIRVIEW, NJ 07022
Principal Business Address:  NONE listed

Associated Names
Name:    NONE listed
Type Description:

Officers/Directors/Members: Not Available

## New Jersey State Business Gateway Service
Corporate and Business Information Reporting
Business Entity Status Report

Status Report For: STILE ITALIANO IMPORTS, INC.
Business Name:    STILE ITALIANO IMPORTS, INC.
Report Date:  03/30/2008
Business ID Number:    0100576761
Transaction Number: Sequence: 1280947: 1
Business Type:    DOMESTIC PROFIT CORPORATION
Status:  REVOKED
Reason: NOT FILING ANNUAL REPORT FOR 2 CONSECUTIVE YEARS
    Filing Date:   01/31/1994  Home Jurisdiction: NJ
Status Change Date:       Stock Amount:    1000
DOR Suspension Start Date:  08/16/2006
DOR Suspension End Date:
Tax Suspension Start Date:       Tax Suspension End Date:

Annual Report Month:   1
Last Annual Report Filed:    03/27/2002
For Last Annual Report Paid Year:    2001
Incorporator: LUIGI SENO
Agent:   LUIGI SENO
Agent Address:    24 MYRTLE AVE., EDGEWATER, NJ  07020 - 0000
Office Address Status: Deliverable
Main Business Address: 24 MYRTLE AVE., EDGEWATER, NJ  07020
Principal Business Address:

Associated Names
Name:   NONE        Type Description:   NONE

Officers/Directors/Members
1)   Title:   PRESIDENT
    Name:   LUIGI SENO
    Address: 24 MYRTLE AVE., EDGEWATER, NJ 07020



# New Jersey State Business Gateway Service
## Corporate and Business Information Reporting

## Business Entity Status Report

**Printing Instructions:** Open your Browser's Page Setup menu and set your page margins to 0.25". Use your Browser's Print option to print the report as seen on screen.

**Saving Instructions:** Save this file to your hard drive for later viewing by using the Browser's "Save As" function.

All available information is displayed.

---

Status Report For: STILE ITALIANO IMPORTS, INC.

Business Name: STILE ITALIANO IMPORTS, INC.                    Report Date: 03/30/2008

Business ID Number: 0100576761                    Transaction Number: Sequence: 1280947: 1

---

Business Type: DOMESTIC PROFIT CORPORATION

Status: REVOKED FOR NOT FILING ANNUAL REPORT FOR 2 CONSECUTIVE YEARS

Filing Date: 01/31/1994                            Home Jurisdiction: NJ

Status Change Date:                                Stock Amount: 1000

DOR Suspension Start Date: 08/16/2006              DOR Suspension End Date:

Tax Suspension Start Date:                         Tax Suspension End Date:

Annual Report Month: 1

Last Annual Report Filed: 03/27/2002

For Last Annual Report Paid Year: 2001

---

Incorporator: LUIGI SENO

Agent: LUIGI SENO

Agent Address: 24 MYRTLE AVE

EDGEWATER, NJ 07020 - 0000

Office Address Status: Deliverable

Main Business Address: 24 MYRTLE AVE

EDGEWATER, NJ 07020

Principal Business Address:

---

Associated Names

Name:                                              Type Description:

---

Officers/Directors/Members

1) Title:      PRESIDENT

Name:      LUIGI SENO

---