Our File No.: 73028-02/JWS/pat

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT
-------------------------------X
JOSE PEREZ and ROSA PEREZ,

       Plaintiffs,   AFFIDAVIT

   -against-

GAETANO AMORE, FREEDOM RENTAL,   Docket No.: 08CV02375
FREEDOM RENT A CAR, ROSEDALE DODGE,
INC. and BERGEN RENT A CAR, LLC,

       Defendants.
-------------------------------X

   JAMES W. SHUTTLEWORTH, III, an attorney duly licensed to practice law in the State of New York and admitted to the Southern District of New York, affirms the following under penalties of perjury:

  1. I am a partner with the firm of FINKELSTEIN & PARTNERS, LLP, of counsel to the firm of JACOBY & MEYERS, LLP, attorneys for the plaintiffs in the above-entitled action, and in such capacity, I am fully familiar with the facts and proceedings had herein through a file maintained by this office.

  2. I submit this affirmation in support of plaintiff's application for both a further extension of time in which to serve defendant Gaetano Amore and for leave to serve defense counsel on his behalf as plaintiff has not, despite diligent

efforts to the contrary, been able to locate Gaetano Amore much less effect service on him.  This motion is submitted under both CPLR §§ 306(b) and 308(5) as well as Federal Rule of Civil Procedure 4(e)(1).

3.    This is an action for personal injuries sustained by plaintiff Jose Perez as a result of a December 24, 2004 motor vehicle accident.  Plaintiff was operating a van traveling eastbound on Pelham Parkway in the Bronx when a vehicle operated by defendant Amore and owned by defendants Freedom Rental, Freedom Rent A Car, Rosedale Dodge and Bergen Rent A Car, LLC ran a red light and collided with him.

4.    The action was commenced in State Court by filing a Summons and Verified Complaint on or about October 9, 2007. Issue was joined by service of defendants Verified Answer. Copies of the pleadings, Bill of Particulars and police report are annexed as Exhibits "A", "B", "C", and "D" respectively.

5.    Thereafter, defendants removed this matter to this Court via a March 10, 2008 notice to this effect (Exhibit "E").

6.    Prior to removal, however, plaintiff was well aware of the difficulty in locating defendant Amore as he appeared to have disappeared.  A motion was made in State Court for both an extension of time in which to serve him and for leave to serve defense counsel on his behalf as is permitted in CPLR 308(5).

As the State Court was apparently unaware of removal, a decision granting this precise relief was issued on April 3, 2008.  A copy of same is annexed as Exhibit "F".  The Order not only extended time in which to serve plaintiff, but granted leave to serve defense counsel as well.

    7.  In accordance with this part's individual rules, a pre-motion conference was conducted on April 29, 2008, wherein this Court granted leave to make this motion, directing further that it be submitted on or before May 13, 2008.  Such was done notwithstanding defendant's April 28, 2008 letter opposing same on the grounds that defendant simply rented a car to Mr. Amore and is thus "in no better position to locate him" than plaintiff's counsel.  As noted in the accompanying memorandum of law, such is not dispositive. A copy of the April 18, 2008 letter is annexed hereto as Exhibit "G".

    8.  Annexed as Exhibit "H" are copies of various attempts of locating defendant Amore and serving him.  Included is a September 26, 2007 postal search indicating that defendant Amore was not known at the address listed by him on the police report and his license.  Various internet searches are also included noting that defendant was not found in the city of Fairview, New Jersey where he indicated he was domiciled in the police report or in New Jersey as a whole.  A February 1, 2008 attempt at

personal service is also annexed, with the process server noting
that none of the individuals or businesses in the area knew of
defendant or otherwise familiar with him.

9.    Lastly, annexed as Exhibit "I" is a multi-page report
from a private investigator hired by plaintiff to locate this
defendant.  Despite exhaustive efforts including canvassing,
interviews and research, all at a cost of &750.00, defendant
could not be found.  As an aside, the investigator notes the
conclusion by the local police that some sort of illegal
activity was going on at the address provided by defendant in
the police report.  It is thus quite obvious plaintiff has
exhausted all reasonable efforts.

10.    The bottom line is that plaintiff has made substantial
efforts to locate and serve defendant, who as far as the public
is concerned is holding himself to be living at an address no
longer valid.  For the reasons set forth in the annexed
Memorandum of Law plaintiff is entitled to an Order both
extending the time in which to effect service pursuant to CPLR §
306(b) and leave to serve defense counsel pursuant to CPLR §
308(5) and Federal Rule 4(e)(1).

WHEREFORE, plaintiff respectfully requests an
extension of time in which to serve defendant Gaetano Amore and
for leave to serve defense counsel on his behalf, together with

4

such other and further relief as to the Court may seem just and
proper.


DATED:    May 13, 2008
          Newburgh, New York


_____

JAMES W. SHUTTLEWORTH, III, ESQ.
Of Counsel

Sworn to before me this
13th day of May, 2008

_____
Notary Public

MARY A. DUXBURY
Notary Public, State of New York
Qualified in Dutchess County
Registration #01DU5038796
Commission Expires February 6, 2011