Our File No.: 73028-02/JWS/pat

> Defense counsel to respond
> (without waiving any claims)
> by 5/22/08.
>
> SO ORDERED:
> Date: 5/15/08
> Richard M. Berman, U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
JOSE PEREZ and ROSA PEREZ,

                 Plaintiffs,

   -against-

GAETANO AMORE, FREEDOM RENTAL,
FREEDOM RENT A CAR, ROSEDALE DODGE,
INC. and BERGEN RENT A CAR, LLC,

                 Defendants.
------------------------------------X

Docket No.: 08CV02375

DATE FILED: 5/15/08

### PLAINTIFFS' MEMORANDUM OF LAW

Plaintiffs submit this Memorandum of Law in support of their application for both an extension of time in which to serve defendant Gaetano Amore pursuant to CPLR § 306(b) and for leave to serve defense counsel on his behalf pursuant to CPLR § 308(5) and Federal Rule of Civil Procedure 4(e)(1). As is more fully set forth in the annexed Affidavit, plaintiff has made substantial efforts to locate and serve defendant Amore, but has thus far been unsuccessful. At best, Amore has failed to keep the appropriate motor vehicle and other authorities advised of his current address. At worst, he is deliberately evading service. Insofar as counsel is unwilling to accept service on his behalf, plaintiff has no choice but to seek leave of this

Court to so serve defendant. The only reason plaintiff is seeking leave to serve defendant via counsel, and not his insurance carrier as is normally the case, is that defendants are apparently self insured. Thus, serving defendant via defense counsel is analogous to well settled law allowing an aggrieved party to serve a party's insurance company when the party cannot be found. Plaintiff's extensive efforts to locate defendant are set forth in the annexed affidavit.

In <u>Esposito v. Ruggeiro</u>, 193 A.D.2d 713, 598 N.Y.S.2d 66 (2nd Dept. 1993), the Second Department permitted such service when it appeared defendant had indeed moved from the address set forth in the accident report with no forwarding address left. Similar results were had in <u>Kroph v. King</u>, 38 A.D.2d 327, 292 N.Y.S.2d 6 (2nd Dept. 1968), <u>Solomon v. Horie Karate Dojo</u>, 283A.D.2d 475, 724 N.Y.S.2d 648 (2nd Dept. 2001) and <u>Beacom v. Mangone Homes Inc.</u>, 233 A.D.2d 470, 650 N.Y.S.2d 988 (2nd Dept. 1996). These cases are analogous to the situation here. Plaintiff cannot locate defendant, but can locate defendant's who insure him and counsel. There are no reasons proffered as to how or why defendants cannot accept service on Amore's behalf and defend him.

Based on the foregoing it is evident that plaintiff has made all reasonable efforts to serve defendant Amore. Since

defendant had, at most, an international driver's license, it is increasingly apparent that it is for all intents and purposes impossible for plaintiff to locate him. It is precisely this situation that justifies service on defense counsel and/or defendants themselves as they are both most likely and best suited to defend him and represent his best interests. The fact that defense counsel is equally unable to find him as the letter of April 28, 2008 so attests (Exhibit "G") only serves to bolster plaintiff's need for affirmative relief and leave to serve defense counsel and defendant on his behalf.

WHEREFORE, plaintiffs respectfully request that this Court issue an Order pursuant to CPLR § 306(b) enlarging the time in which plaintiff might effect service and for a further Order pursuant to CPLR § 308(5) and Federal Rule of Civil Procedure 4(e)(1) for permission to serve defense counsel on Amore's behalf, together with such other and further relief as to the Court may seem just and proper.

Dated: May 13, 2008
Newburgh, New York

Respectfully submitted,

FINKELSTEIN & PARTNERS
of Counsel to JACOBY & MEYERS
Attorneys for Plaintiffs

By: _____
JAMES W. SHUTTLEWORTH, III, ESQ.
of Counsel

3