UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT

-----------------------------------------------------------X

JOSE PEREZ AND ROSA PEREZ,

                Plaintiff,

-against-

GAETANO AMORE, FREEDOM RENTAL, FREEDOM RENT A CAR, ROSEDALE DODGE, INC. and BERGEN RENT A CAR, LLC,

                Defendants.

-----------------------------------------------------------X

Docket No.:
08 CV 02375 (RMB)

**AFFIRMATION IN PARTIAL OPPOSITION**

    DANIEL M. STEWART, an attorney duly admitted to practice in this Court, hereby affirms the following to be true under penalty of perjury, pursuant to 28 USC 1746:

    1.    I am a partner with the law firm of WHITE, FLEISCHNER & FINO, LLP, attorneys for Defendants GAETANO AMORE, FREEDOM RENTAL, FREEDOM RENT A CAR, ROSEDALE DODGE INC. and BERGEN RENT A CAR, LLC ("Defendants"), and as such, I am fully familiar with the facts and circumstances of this action.

    2.    This affirmation is executed upon information and belief, the sources of which are the files and records maintained by the law offices of WHITE, FLEISCHNER & FINO, LLP, pertaining to this matter.

    3.    Defendants do not oppose that portion of Plaintiffs' motion seeking an extension of time to properly serve Defendant GAETANO AMORE. However, defendants are opposed to Plaintiffs' motion for leave to serve defense counsel on behalf of GAETANO AMORE pursuant to CPLR §§ 306(b) and 308(5) as well as Federal Rule of Civil Procedure 4(e)(1).

4. This action arises from an alleged motor vehicle accident that allegedly occurred on December 24, 2004, between a vehicle driven by plaintiff JOSE PEREZ, and a vehicle driven by defendant GAETANO AMORE. Defendant Amore rented a vehicle from Defendant BERGEN RENT A CAR LLC, which does business as FREEDOM RENTALS and FREEDOM RENT-A-CAR (the corporate relationship between these defendants and ROSEDALE DODGE, INC., is irrelevant for purposes of this motion). A copy of the rental agreement is attached herewith as **Exhibit "A."** At the time of the accident and presently, Defendant Amore's last known address was in New Jersey. **Exhibit "A;"** *see also* Affidavit in Support of Motion of James Shuttleworth, III ("Shuttleworth Aff.") dated May 13, 2008, Exhibits D and H.

5. In their Answer, Defendants pleaded the affirmative defense of lack of personal jurisdiction in that Defendants were not properly served with a Summons and Complaint. *See* Shuttleworth Aff., Ex. B at ¶ 15. Specifically, Plaintiffs failed to properly comply with Vehicle and Traffic Law § 253 (2), which prescribes the method of service of a Summons and Complaint for a lawsuit stemming from a motor vehicle collision involving a non-resident. Consequently, Plaintiffs failed to demonstrate the impracticability of proper service, which would entitle them to the benefit of CPLR § 308(5).

6. New York's Vehicle and Traffic Law § 253 states in part:

> 1. The use or operation by a non-resident of a vehicle in this state, or the use or operation in this state of a vehicle in the business of a non-resident, or the use or operation in this state of a vehicle owned by a non-resident if so used or operated with his permission, express or implied, **shall be deemed equivalent to an appointment by such non-resident of the secretary of state to be his true and lawful attorney upon whom may be served the summons in any action against him**, growing out of any accident or collision in which such non-resident may be involved while using or operating such vehicle in this state . . . .

2. A summons in an action described in this section may issue in any court in the state having jurisdiction of the subject matter and be served as hereinafter provided. **Service of such summons shall be made by mailing a copy thereof to the secretary of state at his office in the city of Albany, or by personally delivering a copy thereof to one of his regularly established offices, with a fee of ten dollars, and such service shall be sufficient service upon such non-resident provided that notice of such service and a copy of the summons and complaint are forthwith sent by or on behalf of the plaintiff to the defendant by certified mail or registered mail with return receipt requested. The plaintiff shall file with the clerk of the court in which the action is pending, or with the judge or justice of such court in case there be no clerk, an affidavit of compliance herewith**, a copy of the summons and complaint, and either a return receipt purporting to be signed by the defendant or a person qualified to receive his certified mail or registered mail, in accordance with the rules and customs of the post-office department; . . .

N.Y. VTL 253 (emphasis added).

7. In *Johnson v. Marquez, 2 A.D.3d 786, 770 N.Y.S.2d 377 (2d Dep't 2003)*, the Second Department of New York's State Court Appellate Division dismissed the plaintiff's complaint because she failed to satisfy the statutory requirements of service pursuant to VTL § 253. The Court held that VTL § 253 sets forth the method of service of a summons on nonresidents. In opposing the defendants' motion to dismiss, the plaintiff failed to demonstrate any attempted service on the Secretary of State in blatant violation of VTL § 253, and thus, the Court dismissed the matter. *Johnson v. Marquez, 2 A.D.3d at 777-778.*

8. In the case at bar, Plaintiffs, in support of their motion, proffer copies of written attempts to locate Defendant Amore via postal and internet searches as well as an investigator's report indicating their efforts to locate Defendant Amore. This, however, is not proper service pursuant to VTL § 253 that requires service to be made upon the Secretary of State. Furthermore, Plaintiffs failed to submit an affidavit of compliance as required by the statute. Their motion is entirely moot considering they failed to properly serve Defendant

Amore. Accordingly, the Court should not consider permitting Plaintiffs to serve defense counsel as a means of substituted service.

9. In any event, Plaintiffs argue that service of process has been impracticable and they seek an order permitting them to serve defense counsel, analogizing the undersigned's law firm with an insurance company. This argument is flawed for several reasons. Importantly, since Plaintiffs failed to properly serve the Secretary of State in compliance with VTL § 253, not only is their motion moot, they cannot avail themselves of the benefit of CPLR § 308(5) because they did not demonstrate the "impracticability" of serving the Secretary of State.

10. For example, in *Parisi v. Fretta*, 151 A.D.2d 653, 542 N.Y.S.2d 713 (2d Dep't 1989), the Appellate Division, Second Department affirmed the trial court's decision to deny the plaintiff's motion for expedient service pursuant to CPLR § 308(5). In *Parisi*, while the plaintiff served the Secretary of State, he failed to properly serve the defendant at his address in Florida of which the plaintiff was aware. Accordingly, the Court dismissed the complaint against the defendant since plaintiff failed to demonstrate the impracticability of service.

11. In the case at bar, Plaintiffs have failed to demonstrate the impracticability of serving the Secretary of State. *C.f. Dobkin v. Chapman*, 21 N.Y.2d 490, 236 N.E.2d 451, 289 N.Y.S.2d 161 (1968) (while VTL § 253 does not provide the sole method of service of process, plaintiffs in that matter attempted to comply with the statute and demonstrated its impracticability).

12. Contrary to Plaintiffs' arguments in support of their motion, the law office of the undersigned is neither an insurance company nor an agent designated by Defendant Amore to accept service of the Summons and Complaint on his behalf. The office of the

undersigned has only the same information regarding Mr. Amore's whereabouts (the rental agreement and police report) that Plaintiff's counsel has; accordingly, this office is no better position to locate Mr. Amore than Plaintiffs' counsel. Thus, Plaintiffs have failed to demonstrate that service on White Fleischner & Fino, LLP is reasonably calculated to apprise Defendant Amore of the action pending against him. *See Giannizzero v. Herzel, 170 A.D.2d 647, 567 N.Y.S.2d 70 (2d Dep't 1991)*(affirming trial court's denial of plaintiff's motion to serve an insurance company for a taxicab on grounds that he failed to show that it would be reasonably calculated to apprise the defendant passenger of the action).

13. In *Olympus Corporation v. Dealer Sales & Service Inc., 107 F.R.D. 300, 1985 U.S. Dist. LEXIS 16627 (E.D.N.Y. 1985)*, the plaintiff attempted to serve the defendant by serving his attorney from a related action, when the attorney made representations that he could accept service. Nevertheless, the Eastern District Court for the State of New York held that service of process in that fashion was insufficient. The Court held, "[E]ven if the order for service by express delivery service was proper, such service would be effective **only if defendant had appointed its attorneys as agents for the receipt of process, or if defendant is estopped from denying such agency**." *See Olympus Corporation v. Dealer Sales & Service, Inc. 107 F.R.D.305 (emphasis added)*.

14. The Court added that the authority of an attorney to act as an agent for service of process need not be express and may be implied from the surrounding circumstances indicating the intent of the principal. *Olympus, id.* However, there is no such circumstantial evidence in the case at bar to suggest that defendant AMORE is even aware that the undersigned's firm has been appointed to represent him, let alone accept service on his behalf.

15. Plaintiffs have failed to submit any legal basis or even a scintilla of factual proof that White Fleischner & Fino, LLP has the apparent authority to act as an agent to receive service of process on behalf of Defendant Amore. The CPLR and the VTL have specific requirements with respect to service of process and Defendants properly asserted the defense of lack of personal jurisdiction. The Court should not simply designate defense counsel as an agent for the nonresident Defendant Amore especially when Plaintiff failed to demonstrate that efforts at complying with the applicable statutes have been impracticable.

16. Even if the Court considers designating defense counsel as an agent to receive service of process, it must be noted that defendants FREEDOM RENTALS and FREEDOM RENT-A-CAR merely rented a vehicle to plaintiff, and none of the four defendants have any other relationship with Defendant Amore. The defendants are neither Defendant Amore's employer nor his principal.

17. In conclusion, Plaintiffs' motion is actually moot since they made no effort to comply with VTL § 253 and to properly serve the Secretary of State. Similarly, they failed to demonstrate that service upon the Secretary of State was impracticable. In addition, Plaintiffs failed to demonstrate that serving defense counsel is reasonably calculated to apprise Defendant Amore of the matter pending against him, nor have Plaintiffs demonstrated that defense counsel was designated as an agent to receive service on behalf of Defendant Amore.

18. Plaintiffs' mention of the Bronx County Supreme Court's decision dated April 3, 2008, which granted Plaintiff's motion seeking the same relief sought here, is not relevant or binding on this matter. Defendants did not oppose Plaintiffs' motion in the Bronx Supreme Court, because Defendants had already removed the matter to this Court. It was the

Bronx County Court clerk's error and failure to timely recognize the removal to Federal Court, which resulted in a decision without opposition. *See* Shuttleworth Aff. at Exs. E and F. The Bronx County Supreme Court was therefore without jurisdiction over the issue at the time the decision was rendered, and Plaintiffs' reference to it in their motion papers is irrelevant.

WHEREFORE, Defendants respectfully request that the Court partially deny Plaintiffs' motion for permission to serve defense counsel on behalf of Defendant Amore, for the reasons articulated.

Dated: May 22, 2008
       New York, New York

                              WHITE FLEISCHNER & FINO, LLP

                              By: _____
                                  DANIEL M. STEWART (DS 7989)
                              Attorneys for Defendants
                              61 Broadway, 18th Floor
                              New York, New York 10006
                              (212) 487-9700
                              Our File No.: 117-13119-D-DMS/ODR

TO:   (See Attached Affidavit)

**EXHIBIT A**

FREEDOM-RENT-A-CAR.COM
FREEDOM-RENT-A-TRUCK.COM
FREEDOM-RENT-A-VEHICLE.COM
TOLL FREE: (888) A-VEHICLE
(888) 283-4425
LOCAL: (201) 833-0022

FREEDOM RENTALS, LLC
1187 TEANECK ROAD
Teaneck NJ 07666
(201)833-0022

LICENSEE

SHETAND AMORE
4, INDUSTRIAL AVE FAIRVIEW NJ 07022
NJ3644679J

Cust No:
10/21/2010 IT
(201)941-7144

| Car To Be Returned To Above Unless Stated | Rental Expires On | Rental Agreement Number |
|---|---|---|
| 10021 RA Out: TEANECK<br>RA Due: TEANECK | 13.04<br>12/30/04 | TNK20404 |

**Vehicle Information**

Veh.#: 2422102
Lic.#: RDY 580
2004 W CHEVY VENTURE
Fuel Out: 8/8 Miles Out: 17091

Exchange Veh#: 2513218
Lic.#: RYY 608
Fuel Out: 8/8 Miles Out: 8

I have accepted LDW
at $ 16.95 per day which waives
my responsibility for loss

I have declined SLI

** DEPOSITS/AUTHORIZATIONS **
P/A Auth #         Amount Type
Paid               550.00CASH
Paid               350.00CASH
Paid               350.00CASH
Paid               350.00CASH

Time Out
10/21/04   13.04

Per Mile       0.35
Per Day        29.99/ 150 mi    0.00
Per Week       199.00/1050 mi  1,998.00
OT Hour        29.95/ 0 mi     0.00
** NET T & M **                1,998.00

LDW            16.95 p/day   1,186.50
Dom Sec        2.00 p/day      56.00
ADJUST         127.00         127.00
ADMIN          25.00           25.00
EZ PASS        6.00             6.00
ADMIN          25.00           25.00
EZ PASS        6.00             6.00
ADMIN          25.00           25.00
NYC TICK       95.00           95.00
ADMIN          25.00           25.00
NYC TICK       115.00         115.00

Tax            6.00%          119.40

* TOTAL ESTIMATED CHARGES *    3,808.90
* LESS PAID DEPOSITS *         3,700.00
* ESTIMATED AMOUNT DUE *         108.90

FIND

Add'l Renter:

Corp Disc No:

Open/Exp: 

I understand that if I decline LDW, I am responsible for
all loss regardless of fault. Only an authorized renter may
drive the car. Rates are subject to change if the vehicle
is not returned as stated above. Minimum one day rental
charge. All the information provided to you in connection
with this rental is true.

[signature block partially obscured]

By signature below You acknowledge and represent that You are legally authorized to operate the Vehicle by Valid Driver's license and that You have read and agree to all terms, conditions and notices, both previous and written, including Loss Damage Waiver that appear on this rental statement and on the separate rental agreement. If You pay in charge by credit card, You authorize Us to process or submit a charge to Your credit card for estimated charges for this rental upon Your return below or You consent to the reporting of credit with the card issuer of the greater of $250 or the estimated charges due. If We submit a charge for estimated charges, and the charges are less than $250, You also authorize Us to reserve credit with the card issuer for the difference between $250 and the actual estimated charges. No additional drivers are permitted without Our approval.

X_____RENTER    X_____RENTER/AUTHORIZED DRIVER

You hereby called the (Renter, Additional Driver, Authorized or Not Authorized), acknowledges that the use of the rented automobile is for personal use and shall be used in the State of New Jersey. In the event You are desirous of driving the vehicle out of the State of New Jersey. You shall inform the rental agent of Your desire to drive the vehicle out of the State of New Jersey and The vehicle must be returned to the Original Rental Location.
X Motor Vehicle Violations incurred by You, shall be Your sole and exclusive responsibility. If the violations are not paid on by You and Licensee has the obligation to satisfy the violation, You hereby authorize Licensee to charge Your credit card for any and all amounts, to satisfy for said violations, as well as all the costs and expenses incurred, for which shall include a $50.00 administrative fee and any legal fees and/or costs incurred.
X The Licensee is concerned that You do not understand that, when You EXECUTE the Loss Damage Waiver (LDW), You are still responsible for damages to the vehicle up to a $500.00 (Five Hundred Dollar) Deductible. GLASS, TIRE and WHEEL DAMAGE, is not covered under Loss Damage Waiver (LDW), and is the sole responsibility of You for all damages. Vehicles may not be used for trailering purposes if there is a trailer hitch attached.
X NO SMOKING allowed in the vehicle. If the vehicle is returned with an odor of smoke. YOU shall be solely responsible for any and all Charges to remove odor, plus an administration fee.
X You understand that if You do not PAY for the rental, IN FULL, at the IMMEDIATE END OF THE RENTAL, including but not limited to, LDW and ALL EXTRAS. ANY and ALL The Licensee OPTIONAL INSURANCE COVERAGES APPLIED FOR, BY YOU, AT THE BEGINNING OF THE RENTAL, BECOME NULL AND VOID. You will become PERSONALLY RESPONSIBLE, for ANY and ALL ACTIONS and LIABILITIES OF THE RENTAL.
X The Licensee wants You to understand that what ever State You are from or licensed, that You are coming into The State of New Jersey in (a or this) vehicle from The Licensee. You are either using, Your own Car Insurance Policy or You have elected The Licensee Agents, Optional Insurances, for which are Written, Issued and Insured through an outside Insurer, to cover You and The Vehicle only under the Laws of The State of New Jersey. At NO time, does the Rental Vehicle's Insurance have any obligation of any kind. You are either renting for, pleasure, business or personal use. You are GIVING UP any and all rights, offsets, damages, complaints, either legal, insurance or personal, (NO MATTER OF WHAT STATE OR COUNTRY THE ACCIDENT, LOSS OCCURRENCE OR HAPPENED). You agree that You and the vehicle and vehicle owner, (Are under all the Laws of The State of New Jersey), where You FREELY ELECTED TO RENT (A or THIS) VEHICLE. YOU HEREBY GIVE UP AND AGREE TO THE ABOVE AND CONSENT TO JURISDICTION AND VENUE, WAIVER OF JURY TRIAL.
X You agree that if You give the vehicle to someone else, whom is not on the Rental Agreement and You are using your own insurance for the rental vehicle, for any and all damages. The Licensee will consider that person, (whom you gave the vehicle to, with permission), an authorized driver under the Rental Agreement. This section does NOT apply, if you have elected to use The Licensee optional insurances.
X WHAT STATE WILL YOU BE TRAVELING TO X_____
X You certify that the information provided by You is correct and authorize The Licensee to verify any information.

By Signing Below:

X_____
YOU AGREE TO ALL THE ABOVE, WHETHER INITIALED OR NOT.

STATE OF NEW YORK )
COUNTY OF NEW YORK ) ss:

Wendy Jantz, being duly sworn, deposes and says:

That I am not a party to the within action, am over 18 years of age and reside in Staten Island, New York.

That on May 22, 2008, deponent served the within **AFFIRMATION IN PARTIAL OPPOSITION,** upon the attorneys and parties listed below by United States prepaid mail by placing same in a mailbox in the State of New York:

TO:

Steven G. Davis, Esq.
JACOBY & MEYERS, LLP
c/o Processing Center
436 Robinson Avenue
Newburgh, New York 12350
(800) 890-3090

_____
Wendy Jantz

Sworn to before me this
22nd day of May, 2008

_____
DANIEL M. STEWART
Notary Public, State of New York
No. 02ST5078049
Qualified in New York County
Commission Expires May 19, 20 11

Docket No.08-CV-2375 (RMB)     Year

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE PEREZ AND ROSA PEREZ,

     Plaintiff,

  -against-

GAETANO AMORE, FREEDOM RENTAL, FREEDOM
RENT A CAR, ROSEDALE DODGE, INC. and
BERGEN RENT A CAR, LLC,

     Defendants.

## AFFIRMATION IN PARTIAL OPPOSITION

**WHITE FLEISCHNER & FINO, LLP**
*Attorneys for DEFENDANTS*
**61 BROADWAY
NEW YORK, N.Y. 10006
(212) 487-9700**

To:
Attorney(s) for

Service of a copy of the within    is hereby admitted.
Dated:

..........................
Attorney(s) for

PLEASE TAKE NOTICE

☐ that the within is a (certified) true copy of a
entered in the office of the clerk of the within named Court on

NOTICE OF ENTRY

☐ that an Order of which the within is a true copy will be presented for settlement to the Hon.
one of the judges of the within named Court, at , on , at .

NOTICE OF SETTLEMENT

Dated:

        WHITE FLEISCHNER & FINO, LLP
        *Attorneys for DEFENDANTS*
        **61 BROADWAY
        NEW YORK, N.Y. 10006**