```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
JOSE PEREZ and ROSA PEREZ,
                                            REPLY
                        Plaintiffs,         AFFIRMATION

        -against-
                                            Docket No.:
GAETANO AMORE, FREEDOM RENTAL,              08-CV-2375 (RMB)
FREEDOM RENT A CAR, ROSEDALE DODGE,
INC. and BERGEN RENT A CAR, LLC,

                        Defendants.
----------------------------------X
```

ELEANOR L. POLIMENI, Esq., an attorney duly licensed to practice law in the State of New York and admitted to the Southern District of New York, affirms the following under penalties of perjury:

1. I am a partner with the firm of FINKELSTEIN & PARTNERS, LLP, of counsel to the firm of JACOBY & MEYERS, LLP, attorneys for the plaintiffs in the above-entitled action, and in such capacity, I am fully familiar with the facts and proceedings had herein through a file maintained by this office.

2. I submit this affirmation in reply to that portion of defendants' opposition papers seeking to deny plaintiffs leave to serve defense counsel on behalf of defendant Gaetano Amore.

3. In sum and substance, defendants seek to deny this relief on the grounds that plaintiff did not comply with New York State Vehicle and Traffic Law § 253(2) which enables a party to serve an out-of-state defendant in a motor vehicle case via the Secretary of State. While on the surface defendants' argument appears to have merit, a more careful examination thereof reveals both why plaintiffs rejected this tack and why to have done so would have been futile, thus supporting plaintiffs' application for leave to serve the defense firm directly.

4. More specifically, under Vehicle and Traffic Law § 253(2) service is not complete until a copy of the pleadings is served both on the Secretary of State and on defendant by certified mail or registered mail with return receipt requested. Upon such mailing the plaintiff is required to file with the Clerk of the Court an affidavit stating that notice of such mailing by defendant was "refused" or that defendant deliberately left it "unclaimed". In other words, service can only be effected if the defendant deliberately takes action by accepting a certified letter, deliberately rejecting it or deliberately refusing to accept it, thus leaving it unclaimed. In situations such as here, where the address at issue is known to be invalid, jurisdiction cannot and would not be acquired.

5. It is this critical point that defense counsel misses. While defendants are most emphatic that plaintiffs failed to attempt service under Vehicle and Traffic Law § 253, the simple fact remains that such would have been futile. As is more fully set forth in plaintiffs' previous affidavit, plaintiffs submitted a multi-page report from a private investigator (Exhibit "I" to the moving papers) which noted that the address listed by defendant in the police report was invalid and was some sort of warehouse in an industrial area that the local police concluded was involved in some sort of illegal activity. The current landlord took possession after the subject incident. The former landlords could not be located. Thus, any attempt by plaintiffs to mail the required certified correspondence to defendant Amore at the warehouse address was guaranteed to fail as evidenced by the extensive research plaintiffs submitted indicating that defendant had long vacated the address listed on the police report. Indeed, it is evident that the "address" defendant gave to the police was not really a resident address at all. As further evidence of the futility of attempting to serve defendant Amore at the warehouse address is the fact that when plaintiffs attempted to serve their state court motion at said address the same was returned by the post office as "not deliverable". (Post Office receipt returning

package to sender annexed hereto as Exhibit "A".) Thus, plaintiffs would not be able to satisfy the requisites of Vehicle and Traffic Law § 253, had they attempted to do so.

6. There is no doubt that service under Vehicle and Traffic Law § 253 does not result in jurisdiction over a defendant if a letter is sent to an invalid address. See, Grandison v. College Truck Renting Corp., 26 App. Div.2d 260, 273 N.Y.S.2d 567 (1st Dept. 1966). See, also Stewart v. McIntyre, 57 App. Div.2d 831, 394 N.Y.S.2d 58 (2nd Dept. 1977).

7. A much more relevant case is Maloney v. Ensign, 43 A.D.2d 902, 351 N.Y.S.2d 244 (4th Dept. 1974), a case which admittedly would have been better cited in the initial application, but which was not found until now. Maloney is quite similar to the situation here. In Maloney the plaintiff was attempting to serve a defendant driver, who could not be located, by serving the company that rented him the vehicle at issue, which not coincidentally is the situation here.

8. As here, plaintiffs could not locate the defendant driver and sought leave to serve the rental company pursuant to CPLR § 308(5). Service in this matter was upheld, in pertinent part given plaintiffs' inability to serve defendant driver pursuant to § 253 of the Vehicle and Traffic Law.

4

9. Although in <u>Maloney</u> plaintiff actually attempted service under § 253, while such here was not done due to the obvious futility of same, the bottom line remains the same. Given the undisputed evidence submitted by plaintiffs that any attempt to serve defendant Amore under Vehicle and Traffic Law § 253 would have been futile, it would be pointless to require plaintiff to go through the motions of this empty exercise, such that service upon defendant rental car company and vehicle owners should be permitted.

10. In fact, the language of <u>Maloney</u> is especially instructive here as it states, in pertinent part, that New York courts have "broad discretion to fashion proper methods of notice in unpredictable circumstances" (citing <u>Dobkin v. Chapman</u>, 21 N.Y.2d 490, 498-499), adding language especially applicable here that "... insistence upon actual notice is not necessary where such a requirement would be unfair to plaintiffs and harmful to the public interest". The Court summarized its holding by allowing service on defendant rental car company via certified mailing, holding further that such "was a method of service reasonably calculated to apprise (defendant) of the pendency of the action ...."

11. The bottom line is that, despite defendants' attempt to evade service, public policy favors service on them.

5

This is so even though plaintiffs did not physically attempt service under Vehicle and Traffic Law § 253 since to have done so would have been futile for the reasons set forth above.

12. Finally, defendants' claim that they did not oppose the motion in Bronx County Supreme Court because that action had already been removed does not appear to be accurate. The motion, which was served on the defense counsel on February 1, 2008, was returnable February 29, 2008. The matter was removed to federal court on March 7, 2008, a week after the return date. Thus, the opposition to the motion would have been due long before the matter was removed.

13. Based on the foregoing plaintiffs respectfully request that this Court grant their application for leave to serve defendant Amore via defense counsel and defendants, together with such other and further relief as to the Court may seem just and proper.

DATED:   May 27, 2008
         Newburgh, New York

                                    _____
                                           ELEANOR L. POLIMENI

**EXHIBIT "A"**

Case 1:08-cv-02375-RMB  Document 16-2  Filed 05/27/2008  Page 1 of 2

**JACOBY & MEYERS, LLP**
C/O PROCESSING CENTER
436 ROBINSON AVENUE
NEWBURGH, NEW YORK 12550

E Mail - 7308-07

☐ INSUFFICIENT ADDRESS
☐ ATTEMPTED NOT KNOWN
☒ NO SUCH NUMBER/ STREET
☐ NOT DELIVERABLE AS ADDRESSED
  - UNABLE TO FORWARD
☐ OTHER

RTS
RETURN TO SENDER

FIRST CLASS MAIL



02 1A
0004331044  $ 02.33⁰
           FEB 01 2008
MAILED FROM ZIPCODE 12550