USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/14/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JOSE PEREZ and ROSA PEREZ,

                      Plaintiffs,

      - against -

GAETANO AMORE, FREEDOM RENTAL,
FREEDOM RENT A CAR, ROSEDALE DODGE,
INC. and BERGEN RENT A CAR, LLC,

                      Defendants.
------------------------------------------------------------x

08 Civ. 2375 (RMB)

**ORDER**

Having reviewed Plaintiffs' motion for an extension of time to serve Defendant Gaetano Amore ("Amore") and to serve defense counsel White, Fleischner & Fino, LLP ("Defense Counsel") on Amore's behalf, dated May 13, 2008 ("Motion"); Defendants' partial opposition, dated May 22, 2008 ("Partial Opposition"); and Plaintiffs' reply, dated May 27, 2008 ("Reply"), the Court finds and directs the following:[1]

(1) Plaintiffs' unopposed application for an extension of time to serve Amore is granted. (See Defs. Partial Opp'n ¶ 3); see also Osrecovery, Inc. v. One Group Intern., Inc., 234 F.R.D. 59, 61–62 (S.D.N.Y. 2005) ("Even absent a showing of good cause, a court has discretion to grant an extension [to serve the summons and complaint] in appropriate circumstances.") (citations omitted). Plaintiffs are granted an additional thirty (30) days from the date of this Order (i.e., on or before August 14, 2008) to serve Amore as set forth below. This extended deadline is final.

---

[1] Defense Counsel have acknowledged that they are "attorneys for Defendants Gaetano Amore, Freedom Rental, Freedom Rent A Car, Rosedale Dodge, Inc., and Bergen Rent A Car, LLC." (Defs. Partial Opp'n ¶ 1.)

1

(2) Plaintiffs' application to serve Defense Counsel as a substitute for personal service upon Amore is also granted, as described below. See Rampersad v. Deutsche Bank Sec. Inc., No. 02 Civ. 7311, 2003 WL 21073951, at *1 (S.D.N.Y. May 9, 2003).

Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 4(e) provides that an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located." When the methods of service prescribed by New York Civil Practice Law and Rules ("CPLR") § 308(1), (2), and (4) (i.e., personal service, "leave and mail" service, and "nail and mail" service, respectively) are "impracticable," service may be made "in such manner as the court, upon motion without notice, directs." N.Y. C.P.L.R. § 308(5) (McKinney 2008); see also Dobkin v. Chapman, 21 N.Y.2d 490, 498 (N.Y. 1968) (CPLR § 308(5) provides courts with broad discretion "to fashion other means [of service] adapted to the particular facts of the case before it").

Based upon Plaintiffs' diligent efforts to serve Amore at the "storage warehouse" address he provided in the December 12, 2004 police accident report and to otherwise ascertain Amore's whereabouts, service under CPLR § 308(1), (2), and (4) appears to be impracticable. (See Aff. of James W. Suttleworth, III, dated May 13, 2008 ("Suttleworth Aff."), ¶¶ 8–10; Pl. Mot., Ex. D, I; Pl. Reply at 3); see also Sartor v. Utica Taxi Ctr., Inc., 260 F. Supp. 2d 670, 676–77 (S.D.N.Y. 2003). Plaintiffs are directed to serve Defense Counsel with the Summons and Complaint by August 14, 2008. See Rampersad, 2003 WL 21073951, at *1 (citing Franklin v. Winard, 592 N.Y.S.2d 726 (N.Y. App. Div. 1993); see also Dobkin, 21 N.Y.2d at 503 (in automobile accident cases where defendants are missing, "insistence on actual notice, or even on the high probability of actual notice, would be both unfair to plaintiffs and harmful to the public interest") (citation omitted).

And, to help ensure that Plaintiffs make all reasonable efforts to notify Amore, Plaintiffs are also directed to send the Summons and Complaint by certified or registered mail to Amore's last known address and to Defendant Bergen Rent A Car, LLC (which rented the vehicle involved in the accident to Amore), by August 14, 2008. See Maloney v. Ensign, 351 N.Y.S.2d 244, 245–46 (N.Y. App. Div. 1974) (authorizing service upon missing driver by mailed notice to driver's last known address and to defendant rental car company); see also Dobkin, 21 N.Y.2d at 505 (service by mailed notice proper where "mail was sent to an address which the defendant himself had given as his last address of record") (citation omitted).

**Order**

For the reasons stated above, Plaintiffs' Motion [#11] is granted as modified above. The parties and counsel are directed to appear for a status conference before the Court on September 3, 2008 at 10:30 a.m. in Courtroom 21D (21st floor), 500 Pearl Street, U.S. District Courthouse. The parties are directed to engage in good faith settlement negotiations prior to the September 3, 2008 conference.

Dated: New York, New York
July 14, 2008

_____
RICHARD M. BERMAN, U.S.D.J.